Argument for the appellant.

No. 2579.

MISSOURI PACIFIC RAILWAY COMPANY *v.* J. C. SOMERS.

**DEFECTIVE CATTLE GUARDS UPON RAILWAY—NOTICE.**—The brake upon the caboose was defective. The handle in the car would set the brakes, but would not throw them off. While the train was in motion it was necessary for the brakeman to go upon the rear platform and down upon the lower step, and to stoop so as throw off the brakes by using an implement brought for the purpose. While so engaged, the head of the brakeman came in contact with a cattle guard, and for the injury so received the brakeman sued. He was fully aware of the defective brake, and of the fact that many of the cattle guards were too close to the track. *Held:*

1. The plaintiff could not recover for any injury directly resulting from the defect in the brake.

2. If, being ignorant of the condition of the cattle guard, and it was so constructed as to be dangerous to the employes operating the trains, the plaintiff was injured, liability would ensue; and

3. Knowledge that many of the cattle guards were defective, would put the employes upon notice of their construction generally, and would throw the risk as to all upon the employes.

APPEAL from Hunt. Tried below before W. C. Jones, Esq., Special District Judge.

*Bryant & Dillard,* for appellant: Plaintiff assumed all risks incident to the use of the defective brake, and all dangers to be anticipated from the use of the defective brake, when such defect was obvious and known to him, although the risk may have been very much more than ordinary; and he assumed all risk and danger incident to his manner of loosing the brake, to be anticipated from the closeness of a cattle guard to the track, if aware or put on notice of such closeness, although the risk may have been much more than ordinary. (R'y Co. v. Drew, 59 Texas, 10; R'y Co. v. Fowler, 56 Texas, 460; R'y Co. v. Myers, 55 Texas, 115; Woods Railway Law, 1452, sec. 370; Naylor v. R'y, 5 A. & E. R'y Cases, 460; Clark v. R'y, 2 A. & E. R'y Cases, 240.)

2. Plaintiff, in using defective machinery, assumed all risks incident to or to be anticipated from such defect although the use of the machinery might not have been necessarily and inevitably dangerous. (R'y v. Lempe, 59 Texas, 19; and in addi-

tion, Kitteringham v. R'y, 18 A. & E. R'y Cases, 14; R'y v. Smith, 15 A. & E. R'y Cases, 224; R'y Co. v. Bradford, 66 Texas, 732.)

GAINES, ASSOCIATE JUSTICE. The appellee, who was plaintiff below, was a brakeman in the service of the appellant company, working upon a freight train. His place of duty upon the train was in the caboose, upon which the brake was defective. The handle in the car would set the brakes, but would not throw them off. The defect was well known to appellee. While the train was in motion, it became necessary for him to go to the rear platform of the car and down upon the lower steps and to stoop so as to throw off the brakes by the use of an implement which he took with him for the purpose. While in the stooping posture his head was struck by a cattle guard in passing and he was injured. He brought this suit to recover damages for his injury and obtained a judgment.

He testified that he knew of the defect in the brake. It was alleged, and testimony was adduced which went to show, that the cattle guard was improperly constructed by reason of being placed in dangerous proximity to the track. The evidence was conflicting upon the point, but was sufficient to warrant the jury in finding that it was dangerous. In regard to his knowledge of the defective construction of the cattle guard, he testified in effect that he knew nothing of the one which caused the injury except that it could not have been more than ten inches from the car, for the reason that otherwise it would not have struck his head; but he also testified that he knew that several of the cattle guards on the road were too near to the track—sufficiently near to strike the feet of a brakeman sitting upon the top of the car with his legs hanging down—and that some of them were slanting and some were perpendicular. Other testimony showed that the guard which struck him was slanting; but the whole evidence leaves but little doubt that they were all about the same distance from the track.

It is clear that the plaintiff could not recover for any injury directly resulting from the defect in the brake, because he knew of this, continued to use it and took the risk. If, however, in attempting to remedy its defective operation, he was struck by a cattle guard so constructed as to be dangerous to the employes operating trains upon the line, and was ignorant of the fact that the cattle guards upon the road were danger-

ously near the track, he would be entitled to recover. But can he be said not to have known of the position of the cattle guards? It does not appear that at the time of the accident he was a new hand upon the road; and the evidence shows that at the time of this accident the guards were all about the same distance from the track, and according to the theory of plaintiff's case, in dangerous proximity to it. Is it to be held under these circumstances that he did not know the condition of the road with respect to its cattle guards, and did not take the risks incident to that condition? Suppose it had been shown that he knew every cattle guard upon the road but the one in question, and knew them all to be too near the track, but did not know of this, would it be claimed that he did not, in going upon the road with this knowledge, assume the hazards of this faulty construction, and that he could recover for an injury inflicted by the one he had not observed? This, it seems to us, would be unreasonable, and yet such is practicably the case before us. The employes of the company are not called upon to inspect the machinery, roadbed, or cattle guards. It is the duty of the company to have all these inspected, and to know that they are reasonably safe; and the employe has the right to rely upon its discharge of that duty. But when he is aware that a large number of the cattle guards are dangerous, and in this regard they are all substantially alike, so far as his knowledge extends, he must know better than to rely upon the safety of any of them, and must be held to have taken the risks incident to their general condition. The case is very similar to that of Lovejoy v. R. R. Co., 125 Mass., 79, in which it was held the employe could not recover. (See also Brossman v. R. R. Co., 6 Atl. Rep., 226.)

We think the charge of the court very fairly and fully presented the law of the case, and are not prepared to say that there was error in refusing any of the charges asked by the defendant. But we think a new trial should have been granted because the verdict of the jury was not supported by the evidence.

The judgment will accordingly be reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered November 9, 1888.