# THIRD DISTRICT, 1896.

Gulf, Colorado & Santa Fe Railway Company v. E. P. Hockaday.

Decided November 11, 1896.

**1. Charge of Court.**
There is no error in refusing instructions requested when the charge given presents fully all the law of the case raised by the pleadings and applicable to the facts.

**2. Evidence—Negligence—Condition of Other Roads.**
Evidence that another road kept its track in similar condition to that of defendant is irrelevant, on the issue of defendant's negligence in so maintaining it.

**3. Same—Care to be Exercised.**
A witness cannot testify, on the issue of contributory negligence by a brakeman in making a coupling, that it was a rule among railroad men that a brakeman must look where he goes to couple cars. The question of his duty was for the jury.

**4. Same—Cause of Accident.**
Plaintiff having testified that he had on muddy rubber boots at the time of his fall and injury while attempting to couple cars, he was properly permitted to testify that this did not cause him to fall. Railway v. Somers, 71 Texas, 700.

**5. Argument of Counsel.**
Improper argument of counsel is not cause for reversal where the verdict·is not complained of as excessive and it does not appear that the jury were influenced by passion or prejudice.

**6. Same—Exceptions.**
Exceptions to remarks of counsel in argument should be taken at the time.

APPEAL from the District Court of Fannin County. Tried below before Hon. E. D. McClellan.

*J. W. Terry* and *Chas. K. Lee*, for appellant.—While it may not be the duty of an employe to inspect machinery to discover hidden or concealed defects therein, it is his duty to use reasonable care and prudence for his own protection and to discover such defects in machinery or at the place where he is put to work as are open, obvious and apparent to any one exercising ordinary care, and to that extent he is bound to inspect. Bailey's Master's Liability for Injuries to Servant, 180; Railway v. French, 86 Texas, 99; Railway v. Law, 21 S. W. Rep., 648.

Where the defect in a railroad track is not put there by the railway company, the company will not be liable on account of the same unless it knew of the presence of the defect, or the same had existed for such a length of time that in the exercise of ordinary care it should have known of the same. Williams v. Railway, 24 S. W. Rep., 782.

Where the defect is known to an employe, or could be known by the exercise of ordinary care, and he continues to work about the same, he assumes the risk of injury therefrom and cannot recover on account

thereof. Rogers v. Railway, 76 Texas, 502; Railway v. Conroy, 83 Texas, 214.

Where the employe has equal knowledge or means of knowledge with an employer as to the presence of any particular defect, he cannot recover on account thereof. Railway v. French, 86 Texas, 99; Eddy v. Rogers, 27 S. W. Rep., 294; Railway v. Lempe, 59 Texas, 19; Wood's Railway Law, sec. 386, quoted with approval in Railway v. Bradford, 66 Texas, 733.

The undisputed evidence in this case showing that the plank had been where it was when the plaintiff was injured four or five months, and that at no time had it ever been covered up or concealed from view, and that during all that time plaintiff had been working in and about the yard and switching therein, and almost daily switching over the scales on which the plank was, the law will charge him with notice and knowledge of the same, and he cannot recover on account thereof. Ragon v. Railway, 59 Mich., 265, and cases there cited; Railway v. Seley, 152 U. S., 145; Gleason v. Railway, 34 N. E. Rep., 79; Railway v. Risdon's adm., 12 S. E. Rep., 786; Railway v. Williams, 12 S. W. Rep., 172; Brown v. Brown, 9 S. W. Rep., 261; Railway v. Lemon, 18 S. W. Rep., 331; Tuttle v. Railway, 122 U. S., 195; Coombs v. Railway, 30 N. E. Rep., 1140; Clark v. Railway, 29 Pac., 1138; Railway v. Barrager, 14 S. W. Rep., 242; McGrath v. Railway, 60 Fed. Rep., 555; Anglin v. Railway, 60 Fed. Rep., 553; Carey v. Railway, 33 N. E. Rep., 512; Murphy v. Am. Rubber Co., 34 N. E. Rep., 268; Pennington v. Railway, 51 N. W. Rep., 634; Bailey's Master's Liability for Injuries to Servants, pp. 176, 177 and on; Lovejoy v. Railway, 125 Mass., 82; Gibson v. Railway, 63 N. Y., 452; DeForest v. Jewett, 88 N. Y., 264; Randall v. Railway, 109 U. S., 478; O'Neal v. Railway, 132 Ind., 110; Railway v. Congdon, 33 N. E. Rep., 795.

The undisputed evidence showing that defendant did not put the plank at the side of the track, then it could only be liable if a reasonably prudent man would have discovered the same there prior to the time plaintiff was injured; then the same measure of care being upon the plaintiff, to-wit: ordinary care, to discover the plank that was on the defendant, if the defendant could have discovered it, then the plaintiff, in the exercise of the same care, would have discovered it; hence, if the evidence makes out a case of negligence, it also makes out one of contributory negligence, and plaintiff is not entitled to recover. Rush v. Railway, 28 Am. & Eng. R. R. C., 484; Williams v. Railway, 24 S. W. Rep., 782; Hazlehurst v. Brunswick Lumber Co., 19 S. E. Rep., 756.

The presence of the plank, in the light of the testimony showing the nature and character of other tracks over which brakemen were expected to couple, the nature and character of obstructions in the track, and the defects therein that they were expected to meet in the performance of their duties, was not such obstruction or menace to plaintiff as could be declared not to be within the scope of his employment, or warrant a finding that it was negligence on the part of the defendant, even if it

knew of the presence of the same, to permit the same to remain where it was.    Railway v. Seley, 152 U. S., 145; O'Maley v. Gas Co., 32 N. E. Rep., 1119; Keenan v. Edison, 34 N. E. Rep., 366; Couch v. Railway, 28 Am. & Eng. R. R. C., 331; Kohn v. McNulta, 147 U. S., 238; Fordyce v. Stafford, 22 S. W. Rep., 161; Lothrop v. Railway, 23 N. E. Rep., 227.

All risks and dangers which the master is accustomed to impose on the servant are incident to the servant's employment, and he cannot recover if he knows such risks and dangers are imposed by the master. Chap. 9, Bailey's Master's Liability for Injuries to Servant, and cases cited.

Although plaintiff may not have known of the particular defect, still if he knew that there were similar defects in the rest of the track over which he was expected to couple, he cannot recover.    Knowledge of the particular defect is unnecessary.    Green v. Eddy, 79 Texas, 130; Railway v. Somers, 71 Texas, 700.

Plaintiff was bound to take notice of all obstructions that were obvious and plain to view, absolutely, and irrespective of whether a man of ordinary prudence and caution, in the judgment of the jury, ought to have discovered them.    In other words, the terms obvious and plain to view express a definite condition and a limitation and qualification that it must be so obvious and plain to view that a reasonably prudent man would have observed the same, is not warranted by law.    Bailey's Master's Liability for Injuries to Servants, pp. 180, 181; Connors v. Morton, 35 N. E. Rep., 860; Feely v. Pearson Cordage Co., 37 N. E. Rep., 368; Kleinest v. Kunhardt, 35 N. E. Rep., 458.

Even if the plaintiff had not known of the particular defect in the track which caused his injury, or could not under the law be said to be charged with notice of such particular defect, yet if the defendant was in the habit of requiring its brakemen to couple cars in its yards over and across crossings and on tracks where there were as many and as great obstructions to foot travel, equally as liable to cause brakemen to stumble or fall as was the plank in this case, and such conditions were usual, and such as brakemen in the employ of the defendant were expected to meet, then the plaintiff by continuing in the employ of the defendant assumed the risk of this particular obstruction and defect, whether he knew of the same or not.    Green v. Eddy, 79 Texas, 130; Railway v. Somers, 71 Texas, 700; Chap. 9, Bailey's Master's Liability for Injuries to Servants.

The court erred in refusing to permit the defendant to prove by the witness E. W. Campbell that the Texas & Pacific railroad kept and maintained its track, at points on its road similar in condition to Honey Grove, in like condition as the yards of defendant at Honey Grove. Railway v. Harriett, 80 Texas, 81; Doyle v. Railway, 43 N. W. Rep., 787; O'Mellia v. Railway, 21 S. W. Rep., 503; Burns v. Sennett, 33 Pac. Rep., 916; Railway v. Carpenter, 56 Fed. Rep., 451; Flanders v. Railway, 53 N. W. Rep., 544; Watson v. Railway, 58 Texas, 434;

Kolsti v. Railway, 32 Minn., 133; O'Malley v. Railway, 45 N. W. Rep., 441; Larson v. Railway, 45 N. W. Rep., 722; Railway v. Webb, 11 So. Rep., 888.

The court erred in refusing to allow defendant to show by the witness E. W. Campbell that it is a well settled rule among all railroad men that a brakeman must look where he goes to couple cars. Railway v. Webb, 11 So. Rep., 888.

The court erred in permitting the witness, E. P. Hockaday, to testify that his muddy boots did not cause him to fall at the time he was injured. Haynie v. Baylor, 18 Texas, 498; Shelley v. City of Austin, 74 Texas, 613; Railway v. Kuehn, 2 Texas Civ. App., 215; Johnston v. Martin, 81 Texas, 21; Moore v. Kennedy, 81 Texas, 147; Railway v. Scott, 1 Texas Civ. App., 3; McCamant v. Roberts, 80 Texas, 324; Railway v. Lane, 79 Texas, 647; Clardy v. Callicoate, 24 Texas, 170.

Where counsel go out of the record and indulge in remarks and argument which there is nothing in the evidence to warrant calculated to prejudice the minds of the jury against the opposite party, and where the verdict is large, or against the weight and preponderance of the evidence, the improper argument will be taken to have had the effect desired, and to have improperly influenced the jury, and the case will be reversed on that account. Railway v. Bryan, 28 S. W. Rep., 98; Railway v. Kutac, 72 Texas, 653; Moss v. Sanger, 75 Texas, 323; Railway v. Jones, 73 Texas, 235; Railway v. Wallen, 65 Texas, 571; Railway v. Huggins, 52 Am. & Eng. R. R. C., 473; Railway v. Scott, 26 S. W. Rep., 995; Dillingham v. Scales, 78 Texas, 207; Willis v. McNeil, 57 Texas, 473; Railway v. Cooper, 70 Texas, 67; Railway v. Jarrell, 60 Texas, 267.

*B. S. Johnson* and *W. W. Wilkins,* for appellee.—It was the duty of appellant to furnish appellee with a reasonably safe track to work on, and it was bound to exercise reasonable diligence to furnish such track. Railway v. Taylor, 79 Texas, 104; Railway v. Bell, 75 Texas, 50; Railway v. Oram, 49 Texas, 341; Railway v. McNamara, 59 Texas, 255.

If the track was not reasonably safe, it would make no difference whether it was made so by the act of appellant, or by the act of another, if by reasonable care appellant could have discovered such condition of the track in time to have averted the injury to appellee. Railway v. Hohn, 1 Texas Civ. App., 36.

Appellee had the right to assume that said track was reasonably safe for his use, and had a right to act upon such assumption, and was not bound to inspect said track to see if it was in a proper condition for use. Railway v. McNamara, 49 Texas, 255; Railway v. O'Fiel, 78 Texas, 486; Railway v. Garrett, 73 Texas, 262; Railway v. Arispe, 81 Texas, 517; Railway v. Geiger, 79 Texas, 13.

Appellee was only bound to take notice of, and therefore only assumed the risk of, such open and plainly to be seen obstructions on said

track as the exercise of ordinary care would have brought to his attention. Railway v. McNamara, 59 Texas, 255; Rogers v. Railway, 76 Texas, 502; Railwav v. Garrett, 73 Texas, 262; Railway v. Bradford, 66 Texas, 732; Railway v. Lehmberg, 75 Texas, 61.

The existence of other defects in the track in appellant's yards at Honey Grove, or obstructions thereon of a dissimilar nature from the said plank, and of which appellee had knowledge, did not tax him with notice of the presence of said plank. Railway v. Somers, 78 Texas, 439.

If the difference in the height of the drawhead on the engine and car and the absence of a crooked link contributed to appellee's injury, and he assumed that risk and it was negligence for him to attempt to make the coupling without a crooked link, he would still be entitled to recover, if the plank also contributed to his injury. Railway v. Somers, 78 Texas, 439.

FISHER, Chief Justice.—*Statement of the Case.*—The appellee (plaintiff below) instituted this suit in the District Court of Fannin County against the appellant herein and the Honey Grove Cotton Oil Company, seeking to recover damages for personal injuries alleged to have been received about December 17, 1892, alleging in substance that prior to the time plaintiff was hurt the Honey Grove Cotton Oil Company constructed and maintained a platform and scales on one of the tracks of defendant railway company, which platform extended horizontally with the track, occupying a space between the rails, and cut a hole in the said platform on the east and outside of the said track to permit the passage of a pipe into the pit under the platform to be used in pumping water from the pit, and for the purpose of covering up the said hole the said Honey Grove Cotton Oil Company wrongfully and negligently placed a plank over the hole in the platform, the same being laid horizontally with and near the east side of the track, which plank was there permitted to remain and be until plaintiff was hurt; that one end of the said plank stood above the surface of the said platform, so much so as to become an obstruction and dangerous to plaintiff and his fellow servants in the use of the track; that the defendant railway company knew that plaintiff and his fellow workmen used the track, knew that the plank was an obstruction to the use of the track, knew that the same was dangerous to plaintiff and his fellow workmen, and that the plank was placed upon the track with the knowledge and consent of the said railway company, defendant, for its use and benefit; that it wrongfully permitted the said hole and the said plank to remain where they were, etc.; that while attemping to make a coupling between two cars at such point, which was made more than ordinarily difficult by reason of the difference in the heights of the drawhead on the engine and the drawhead on freight car by reason of the absence of a crooked link to be used in making such coupling, plaintiff stumbled over and caught his foot under the raised end of the said plank, and was thereby thrown off his balance, his hand caught and mashed, etc.; that defendant

railway company knew or might have known by the exercise of reasonable care that such plank was an obstruction and dangerous to plaintiff and his fellow workmen; that plaintiff did not know that the same was there, etc.

Defendant, the Gulf, Colorado & Santa Fe Railway Company, answered by general exception, general denial, and by special answers: First—Alleging that if there was any plank on the defendant's track or any dangerous condition menacing the safety of plaintiff and his fellow-workmen by reason of the presence of such plank at the time in question, the presence of the plank and said dangerous condition was well known to the plaintiff or could have been known by the exercise of reasonable care. Second—If injured as alleged by plaintiff, he, by his own negligence, contributed to the injury, in that he attempted to make a coupling between a car and the engine when the drawhead of one was three to five inches higher than the drawhead of the other; that he attempted to make the coupling without the use of a crooked link when he well knew that the coupling could not be made with safety without such crooked link; that he attempted to make it with a glove on his hand, when he well knew that was more dangerous and hazardous to so attempt to make the coupling; that he made it in a careless and indifferent manner, without noticing for obstructions in the way of his feet liable to cause him to stumble, and without noticing where he was walking, what he was doing, or keeping a careful watch-out for the approaching car or engine which he was to couple to, and when he knew, or ought to have known, that just beyond the car to which he was going to couple there was another car on the track likely to come in contact with the car to which he was going to couple, and without looking out for such car and guarding against it striking the car to which he was attempting to couple, and by his failure to use ordinary care under the circumstances, he contributed to his own injuries.

The Honey Grove Cotton Oil Company, by original answer, urged general and special exceptions to plaintiff's petition as against it, and pleaded general denial.

August 25, 1893, the demurrers of the Honey Grove Cotton Oil Company were sustained and that company dismissed.

The first amended original petition having been filed subsequent to the action on the demurrers of the Honey Grove Cotton Oil Company, to-wit, February 23, 1894, thereupon came on to be heard the motion of the defendant the Honey Grove Cotton Oil Company to strike out such parts of said amended petition as pertained to said defendant, which motion was sustained, to which the plaintiff and the defendant the Gulf, Colorado & Santa Fe Railway Company excepted.

Trial was had August 30, 1894, and judgment for plaintiff for $3500 against the appellant herein.

*Conclusions of Fact and Law.*—We find that the appellee was injured substantially as alleged in his petition at the time and place there

charged, and that he was injured by reason of his foot being caught on a plank which was a part of the platform scales used by appellant on its track for the purpose of weighing cars. This plank projected in part above the platform scales close to the track, and, so situated, was an obstruction that was dangerous in the manner and under the circumstances alleged.

That the appellee was a brakeman in the employ of appellant at the time he was injured, and while in the performance of his duties as brakeman, in attempting to couple cars, his foot came in contact with this plank and he stumbled over it, and by reason of this fact he was injured in the manner alleged. His injury, in the main, was caused by stumbling over the plank. At the time of his injury he was in the performance of his duty as a brakeman and he was in the exercise of reasonable care and caution and did not know of the defect in the platform scales caused by the plank in question projecting above it, nor was the existence of such defect so plain and obvious that he could and should in the nature of things have seen it, nor did he exhibit in failing to discover the faulty condition of the platform or defect therein resulting from the raised plank a want of caution and care, because we find that at the time of his injury and before, his attention was properly directed to coupling the cars, the duty he was then engaged in. The exercise of diligence in performing this duty, in the main, deprived him of the power of discovering the defect in the plank.

We find that the appellant, by a proper inspection, could have discovered the condition of the plank and could have and should have discovered its dangerous condition, and that the appellant was guilty of negligence in permitting the plank and the platform to remain in this condition; and we find that appellee was not guilty of negligence that contributed to his injuries, but he was injured by reason of the negligence of appellant, as stated.

The evidence, in the light of the case made by the plaintiff, warrants these findings, and as this was the view of the jury that tried the case, in deference to their verdict and the judgment rendered thereon, we find the facts as above stated.

The charge of the court presents fully all of the law of the case raised by the pleadings and applicable to the facts. Therefore, we hold that there was no error in the charge, and there was no error in refusing the charges requested.

The ninth assignment of error complains of the refusal of the court to permit the witness Campbell to testify that the Texas & Pacific Railroad kept and maintained its track at points on its road in a similar condition to the track of appellant at Honey Grove. There was no error in this ruling. The condition of the track of another road has nothing to do with the condition of the track of the appellant. It is a matter foreign, and could not be considered as shedding any light upon the negligence of appellant or its care and caution in keeping its track in

good condition and repair, nor would such testimony be useful in explaining the conduct of the appellee.

It was further attempted to be proved by the witness Campbell that it was a well-settled rule among railroad men that a brakeman must look where he goes to couple cars. This testimony was irrelevant. It is a question of fact for the jury to determine, with the rulings of law bearing upon the question, the duty of a brakeman when engaged in the service of his master, and a witness has not the right to determine this fact for the jury. The witness can testify as to rules promulgated by the company for the guidance of the brakemen, if he knows them, but the character of evidence offered was not to this effect. It was to the point that among railroad men it was well settled as a rule that a brakeman must look where he goes, otherwise he is guilty of negligence. This character of testimony was not admissible.

The testimony of the plaintiff complained of in the tenth assignment of error was admissible, and is justified by the ruling made in Railway v. Somers, 71 Texas, 700. The plaintiff, after having testified in response to questions asked by appellant to the effect that he had on rubber boots at the time of his injury, and that it was muddy and slippery where he was injured, was asked the question by his counsel if the muddy boots caused him to fall. He answered "No." This testimony was objected to by the appellant upon the ground that it was a question of fact for the jury to determine what caused the appellee to fall. As to what caused the appellee to fall is a question of fact, and if the appellee knew that his fall was attributable to a certain fact, or if he knew that his fall was not occasioned by a certain condition of things, he could so state. It was testimony concerning a fact, and one which evidently he was more familiar with than any one else, and if he knew the fact there could be no serious objection to his testifying to it.

The objections to the remarks of counsel complained of in the first, second, third and fourth assignments of error should not cause a reversal of the case. There is no complaint here that the verdict of the jury is excessive, nor does it appear that they were influenced by passion or prejudice aroused by these remarks in finding a verdict. But a serious objection exists in the manner in which these points were preserved in the trial below. No objection was made to these remarks at the time they were delivered in the trial court, nor was the court then requested that counsel should be admonished, nor was any exception taken to these remarks at that time, but some time after the trial a bill of exception was presented objecting to the language complained of. Although appellant may have labored under some embarrassment in calling the attention of the trial court to these remarks at the time they were made, it is believed that the proper rule to govern in matters of this kind, in order to preserve the point, is to make the exception at the time the remarks are made, and thereby call the court's attention to the impropriety of the language used. This was not done in this case.

We find that there was no reversible error shown in the record, and therefore affirm the judgment.

*Affirmed.*

Writ of error refused.