[Civ. No. 725. Second Appellate District.—December 22, 1909.]

EUGENE KLEIN, Respondent, v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, a Corporation, Appellant.

NEGLIGENCE—COLLISION BETWEEN TRAINS—INJURY TO PASSENGER—SUPPORT OF VERDICT—PROXIMATE CAUSE—AILMENTS RESULTING.—In this action for damages for injuries suffered by plaintiff as a passenger from a collision between the passenger train and another train, where the negligence which caused the collision was conceded at the trial, it is held that considering the entire record, the evidence justified the jury in determining that the injuries to the passenger were proximately caused by the collision, and that the answers to the interrogatories as to his ailments and their cause had support from the evidence.

ID.—DAMAGES NOT EXCESSIVE—*Held,* that, considering the serious character of plaintiff's injuries and of the ailments resulting therefrom,

a verdict for damages in the sum of $8,500 was not excessive; and that the amount of the verdict is open to no criticism, except it be directed to its inadequacy.

ID.—CREDIBILITY OF WITNESSES—PROVINCE OF JURY AND OF TRIAL COURT.—The credibility of witnesses, and the weight and effect which should be given to their testimony, whether that of the plaintiff or any other witness, are questions for the jury, in the first instance, and for the judge who presides upon the hearing of the motion for a new trial. When a conflict exists, appellate courts will not weigh evidence, and determine its sufficiency or insufficiency as matter of law.

ID.—TEST OF SPECIAL INTERROGATORY TO JURY—PURPOSE OF SPECIAL FINDINGS.—The test as to whether, under the law as it stood at the time of trial, a special interrogatory to the jury required submission, depends upon whether or not it is in answer to a material issue involved in the case. The purpose of special findings is to test the validity of the general verdict, by ascertaining whether or not it may have been the result of a misapplication of the law to actual findings in material conflict with findings, which in their absence would be implied from the general verdict.

ID.—IMPROPER INTERROGATORY—INJURY FROM ORIGINAL SEAT IN CAR—IMMATERIAL FACT NOT IN ISSUE.—The court properly refused to submit an interrogatory to the jury as to whether the seat in the car in which plaintiff was riding, struck him in the abdomen, where it appears that the particular thing which caused the injury, as alleged, was not contact with that seat, but the fact that plaintiff was thrown against the opposite seat and upon the floor. It was unnecessary for the jury to arrive at a verdict to find upon such interrogatory; nor did the general verdict imply a finding thereupon. It was neither an issue nor a material fact; and had it been submitted and answered in the negative, the finding would not have been inconsistent with the general verdict.

ID.—INSTRUCTIONS—REQUESTS INCLUDED IN CHARGE.—Requested instructions, which were in substance given by the court in other instructions, which were sufficient to cover the law of the case applicable to the facts submitted, were properly refused.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Walter Bordwell, Judge.

The facts are stated in the opinion of the court.

T. J. Norton, and A. H. Van Cott, for Appellant.

Williams, Goudge & Chandler, and Jones & Drake, for Respondent.

ALLEN, P. J.—This is an action for damages on account of personal injuries, it being averred that plaintiff, a passenger on defendant's train, which collided with another train through defendant's negligence, was, by such collision, thrown from his seat against the opposite seat and on the floor of the car, thereby sustaining injuries in the back, lower abdomen, a shock to the nervous system, a sprain of the back, a double inguinal hernia, together with other internal injuries, permanently affecting and impairing his health, and by which he is disabled for life.

The cause was tried by a jury and a verdict in plaintiff's favor for $8,500 returned, upon which verdict a judgment was entered January 21, 1908. A motion for a new trial was denied, and from the judgment and the order denying a new trial defendant gave notice of appeal on July 21, 1909.

The principal claim of appellant is that the testimony of plaintiff bears the imprint of falsity, and the jury should have rejected the same, and that the corroborative testimony is insufficient, when taken in connection with plaintiff's evidence, to sustain the verdict. It is evident from an examination of the record that many inaccuracies and inconsistencies are observable in the testimony of plaintiff; in fact, serious contradictions of former statements and former testimony are made to appear. But the verdict does not rest upon the evidence of plaintiff alone, as was the case in *Missouri Pac. Ry. Co.* v. *Somers,* 71 Tex. 700, [9 S. W. 741].

The negligence which occasioned the collision was conceded upon the trial, and, as stated by the trial court to the jury, the only issues to be determined were, whether or not all or any of the injuries complained of by plaintiff were proximately caused by such collision, and, if so caused, what damages should be assessed therefor. There was testimony by plaintiff and other witnesses, some of whom were disinterested, to the effect that before the accident plaintiff had the appearance of being a well man and was able to work and undergo great physical effort without apparent fatigue. As his wife expressed it, "he was the picture of health." There is other testimony, that of a physician who made an

examination of plaintiff as early as 1903, who testified that at the time he had no organic disease, and his only affliction seemed to be a nervous condition produced by overwork and worry. There is nothing in the record indicating that in the interval between that examination and the collision any serious change had been produced in his physical condition, unless it be assumed from certain expert testimony which was introduced upon the part of defendant tending to show that certain physical defects were of long standing. The jury, in considering this evidence in connection with the other evidence in the case, and in answering certain special interrogatories submitted by the court, determined, as may be inferred from such answers to the special interrogatories, that plaintiff before the injury complained of was afflicted with nervous and stomach trouble, but that the same was exaggerated by the collision. They further found, however, that a rupture and a bowel trouble were both caused by the collision, and that plaintiff was permanently injured and diseased, and the same were caused by the collision. There is evidence in the record warranting such answers to the special interrogatories. There is also evidence in the record tending to show that after the collision medical examinations developed that, in addition to a complete rupture, plaintiff "had an ataxia," and was suffering "from hemianesthesia and from chronic peritonitis"; and it is in evidence that all of these ailments might be attributed to a sudden shock or injury. There was independent testimony showing at the time of the collision plaintiff was thrown from his seat on to the floor of the car; that his appearance after the accident was such as to indicate great suffering. Considering the entire record, the evidence was such as to justify the jury in determining that the injuries were proximately caused by the collision, and that the answers to the various special interrogatories as to his ailments and their cause had support from the evidence.

It is insisted further that the verdict is excessive. This proposition is surely answered by what has heretofore been said as to the extent of the injuries established. It would be a strange doctrine which could be invoked in support of appellant's contention. Human suffering and a shortened life can scarcely be measured by a money standard, but certain

it is that the amount of this verdict, when taken in connection with the extent of the injuries developed by the testimony, is open to no criticism, except it be directed to its inadequacy.

As to the matters involved in the credibility of witnesses, and the weight and effect which should be given their testimony, whether that of plaintiff or any other witness, it is sufficient to again call attention to the well-established rule that such questions are for the jury in the first instance and the judge who presides upon the hearing of the motion for a new trial. Where a conflict exists, appellate courts will not weigh evidence and determine its sufficiency or insufficiency as a matter of law.

Error is assigned on account of the refusal of the trial judge to submit the following special interrogatory: "Did the seat upon the seat in the section in which plaintiff was riding at the time of the collision strike the plaintiff in the abdomen?" The test as to whether, under the law as it then stood, such interrogatory required submission depends upon whether or not it is in answer to a material question involved in the case. As said by Chief Justice Beatty in *Plyler* v. *Pacific etc. Cement Co.*, 152 Cal. 130, [92 Pac. 59]: "The very purpose of special findings is to test the validity of the general verdict by ascertaining whether or not it may have been the result of a misapplication of the law to actual findings in material conflict with the findings which in their absence would be implied from the general verdict." The particular thing which occasioned the injury, as alleged, was not the contact with the seat of the car upon which the plaintiff was riding, but the fact that plaintiff was thrown from such seat against the opposite seat and upon the floor. It was unnecessary for the jury, in order to arrive at a verdict, to all agree upon the subject of this interrogatory. The general verdict did not imply a finding in the regard stated. It was neither an issue nor was it a material fact, and had it been submitted and answered in the negative, would not have been such an inconsistent finding as to have affected the general verdict.

The instructions refused, and on account of which appellant claims error, were in substance given by the court in other instructions, and were sufficiently explicit as informa-

tion to the jury in relation to the law of the case applicable to the facts submitted.

We see no error in the record, and the judgment and order are affirmed.

Shaw, J., and Taggart, J., concurred.

A petition for a rehearing of this cause was denied, by the district court of appeal, on January 21, 1910, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 17, 1910.