## Galveston, Harrisburg & San Antonio Railway Company v. J. G. Manns.

### Decided November 30, 1904.

**1.—Railways—Negligence—Obstructions on Engine.**

It may be negligence on the part of a railway to permit a shovel to lie on the apron of the gangway between the tank and cab of an engine, and a recovery by a servant who, in the discharge of his duties, stood upon an elevated part of the cab so as to replace an oil can in the oil box, and in getting down stepped upon the shovel and was thereby thrown against the side of the cab and injured, is sustained.

**2.—Disqualification of Juror—Predjudice Against Certain Class of Litigation—
—Discretion of Court.**

Questioned whether prejudice on the part of a juror against any particular class of litigation does not in itself disqualify such juror, and the action of the trial court in allowing a challenge on such ground sustained, it being within the discretion of the trial court to allow a challenge on other than statutory grounds, the exercise of which discretion ought not to be cause for reversal unless it clearly appear that injustice resulted.

**3.—Dangerous Premises—Duty to Inspect.**

The servant owes no duty of inspection of the master's premises, it being the master's duty to exercise ordinary care to see that the premises where the servant is put to work are kept reasonably safe and where the premises are rendered dangerous by obstacles in the way, of which the master knows or should know, it owes the duty to warn its servant unless from actual knowledge, experience or acquaintance with the premises he knows or might know of such obstacle.

**4.—Railways—Contributory Negligence—Assumed Risk—Custom—Charge.**

A requested charge was properly refused which instructed a verdict in favor of defendant if plaintiff knew that defendant's employes were in the habit of leaving the shovel sometimes under the coal board, sometimes in front of the coal board, sometimes on top of the coal and sometimes on the gangway (in which place it was when plaintiff stumbled over it and received his injuries), since to charge plaintiff with contributory negligence and assumed risk the shovel must habitually have been left on the gangway, and not sometimes under, or in front of the coal board or on top of the coal.

**5.—Same—Province of Court and Jury—Experience of Plaintiff.**

It was for the jury and not the court to determine from the evidence whether plaintiff was an old and experienced hand in the roundhouse where the injury occurred, and how long he had worked there.

**6.—Same—Custom—Knowledge.**

Though plaintiff knew that defendant's servants sometimes left the shovel on the gangway, he could not thereby be held to have reasonably anticipated that it would be there at the time he stepped on it and received his injuries, or that, even if it were there, it would be in a position to cause him injury by stepping upon it.

**7.—Same — Roundhouse — Insufficient Lighting — Assumed Risk — Proximate Cause.**

Though the roundhouse may have been insufficiently lighted and this may have been negligence on the part of defendant, yet there could be no risk assumed by plaintiff as incident to such insufficient lighting which would preclude his recovery for an injury which proximately resulted from another and essentially different act of negligence on the part of defendant.

**8.—Contributory Negligence—Reasonable Care—Surrounding Circumstances —Charge.**

It was not improper to charge that in determining the issue of plaintiff's contributory negligence the jury might look to all the surrounding facts and circumstances in evidence and determine therefrom whether or not plaintiff used such care as a person of ordinary prudence would have used under the same or similar circumstances.

**9.—Negligence—Contributory Negligence.**

Where the servants of a railway were guilty of negligence in leaving a shovel on the gangway between the cab and tender of an engine, plaintiff would not, as a matter of law, be guilty of contributory negligence in stepping on the shovel, in the discharge of his duties, even if he knew it was there.

Appeal from the District Court of Bexar. Tried below before Hon. A. W. Seeligson.

*Baker, Bolts, Parker & Garwood* and *Newton & Ward,* for appellant. —1. The mere fact that a juror has a slight prejudice against suits for the recovery of damages in personal injury cases in general will not disqualify the juror where he positively asserts that he has no bias in favor of the defendant railroad and no prejudice against the plaintiff; that he is unacquainted with the plaintiff and knows absolutely nothing of the facts of the case, and that he believes that under the evidence and the charge of the court, he is able to render a fair and impartial verdict. 17 Am. & Eng. Ency. of Law (2d ed.), p. 1137; Heacock v. State, 13 Texas Crim. App., 97; Arnold v. State, 38 Texas Crim. App., 35; Leach v. State, 49 S. W. Rep., 581; McCarthy v. Railway Co., 92 Mo. 536; Ex parte Spies, 123 U. S. 91; People v. Reynolds, 16 Cal. 128; Arnold v. State, 40 S. W. Rep., 375; Long Mfg. Co. v. Gray, 35 S. W. Rep., 34.

2. The plaintiff having alleged in his petition that appellant's round house was improperly constructed and lighted and that by reason thereof the plaintiff, when he boarded the engine in appellant's round house, was prevented from seeing the shovel lying upon the engine, and defendant having pleaded in its answer that plaintiff was an old and experienced

hand having had 12 years' service in and around appellant's round house, and that if he was prevented from seeing said shovel by reason of the improper construction of said round house, or by reason of the darkness in the same, that under said circumstances he assumed all risk of danger to himself by reason of the darkness in said round house or the defects in its construction, and as said plea was fully sustained by the evidence, it was error for the court to refuse to give an instruction to the jury presenting that phase of appellant's defense. Railway v. Walker, 76 S. W. Rep., 228; Railway v. Somers, 71 Texas, 700; Green v. Cross, 79 Texas, 130; Railway v. Thompson, 33 S. W. Rep., 722; Railway v. Somers, 78 Texas, 441; McDonnell v. I. C. Ry. Co., 75 N. W. Rep., 336.

3. The court erred in refusing to give the special charge No. 5, requested by defendant, because it was the right of the defendant to have the jury affirmatively instructed that defendant was entitled to a verdict if the plaintiff was guilty of contributory negligence which caused or contributed to the accident, notwithstanding defendant was guilty of negligence in leaving the shovel upon the gangway of the engine, particularly so in view of the fact that the court omitted from its charge the proposition that the contributory negligence of the plaintiff would defeat his right of recovery, notwithstanding the defendant may have been guilty of negligence in leaving the shovel in the gangway. G. H. & S. A. Ry. Co. v. Morris, 94 Texas, 505; City of Fort Worth v. Johnson, 84 Texas, 137; Railway v. Anchonda, 75 S. W. Rep., 557.

4. The court erred in overruling defendant's motion for a new trial, in this: The verdict of the jury was contrary to the law and the evidence, in this: That the undisputed evidence shows that plaintiff was an old and experienced employe in defendant's roundhouse; that if he was unable to see the shovel lying in the gangway of the engine, it must have been by reason of the improper construction of the round house and the obstructions in the same which obscured the light and prevented him from seeing the shovel; and that if plaintiff was injured, as claimed by him, that the proximate cause of the injury was the improper construction of defendant's roundhouse, and the obstructions in the same which prevented plaintiff's seeing the shovel. Railway v. Walker, 76 S. W. Rep., 228; Railway v. Somers, 71 Texas, 700; Green v. Cross, Rec., 79 Texas, 130; Railway v. Thompson, 33 S. W. Rep., 722; Railway v. Somers, 78 Texas, 441; McDonnell v. I. C. Ry. Co., 75 N. W. Rep., 336.

*Perry J. Lewis* and *H. C. Carter*, for appellee.—The jurors were clearly disqualified and we ask the court to directly hold that a litigant is not required to try his cause before jurors who admit that they have a prejudice against his case and that it might influence their verdict. Courts v. Neer, 70 Texas, 473; Railway v. Blanton, 10 Tex. Ct. Rep., 655; Rev. Stat., arts. 3011, 3080.

But even if it should be held that the jurors were qualified, it would be no ground for reversing the case, as the appellant does not claim that any unfair juror was thrust upon it. City of Marshall v. McAl-

lister, 43 S. W. Rep., 1044; Wolf v. Perryman, 82 Texas, 112; Waggoner v. Dodson, 96 Texas, 6.

2. If the petition charged two distinct grounds of negligence appellant certainly can not complain because only one ground was submitted to the jury. If the petition only stated one ground of negligence, that is, leaving the shovel upon the apron in the gangway, but set up another act of negligence which would tend to intensify the act of negligence which directly caused the injury, and also tend to relieve the plaintiff from the charge of contributory negligence and assumption of risk, truly the appellant can not complain. Had the court attempted to charge the jury upon the circumstances of this roundhouse being dimly lighted, appellant would have contended that it was upon the weight of evidence; that the question of negligence should have been submitted to the jury and not all the evidence and circumstances which tended to establish that negligence. Railway v. Moynahan, 76 S. W. Rep., 803; Railway v. Shieder, 88 Texas, 152; Railway v. Harris, 53 S. W. Rep., 599.

3. It can not be charged, as a matter of law, because a man does not see an obstruction, even under favorable conditions, in his pathway, that he can not recover. There is certainly no rule of law which requires a person to look before he steps. In all such cases the jury must look to all the facts and circumstances and find whether or not the plaintiff is precluded from a recovery by contributory negligence or assumed risk. The case of T. & P. Tel. Co. v. Prince, 11 Tex. Ct. Rep., 32, carries the rule far beyond anything for which we contend. In that case the plaintiff came in contact with a wire; he testified that he might have seen the wire had he been looking. Under this state of the evidence the court was requested by the defendant to charge upon the law of contributory negligence. But the trial court refused to even submit the issue to the jury, and the court of appeals sustained the trial court, holding that no issue of contributory negligence was even raised. See, also, Railway v. Mayfield, 68 S. W. Rep., 809; Fiero v. Railway, 71 Hun, 213; Bluedone v. Railway, 108 Mo. 437; Goodfellow v. Railway, 106 Mass. 461; Hannal v. Railway 154 Mass. 529.

4. Where two causes combine in producing the injury, notice of one of them only will not preclude the servant. Railway v. Somers, 78 Texas, 449; Railway v. Wilson, 3 Texas Civ. App., 587; Railway v. Cummings, 106 U. S., 266; Wood Mast. & Servt., secs. 357-359; Railway v. Shearer, 1 Texas Civ. App. 343; Railway v. Moynahan, 76 S. W. Rep., 803; Railway v. Bohan, 47 S. W. Rep., 1050; Fish v. Railway, 65 N. W. Rep., 995.

NEILL, Associate Justice.—This suit was brought by appellee against appellant to recover damages for personal injuries alleged to have been sustained by the negligence of the company.

The defendant answered by general demurrer a general denial and pleas of assumed risk and contributory negligence.

The trial of the case resulted in a verdict and judgment in favor of the plaintiff for $14,000.

*Conclusions of Fact.*—On the 12th day of April, 1902, the plaintiff was in the employ of the defendant, and among the duties of his employment, one of his duties was to place oil cans in the oil box on an engine tender while the engine and tender was in the roundhouse at San Antonio. In undertaking to perform this duty he stepped upon a part of the engine cab to elevate himself, so as to place the oil cans in the oil box; after placing the cans he stepped down from that position, and in doing so stepped into the scoop of a coal shovel, which was lying upon the apron in the gangway between the tank and cab of the engine, and was, by reason of stepping on the shovel, thrown with great violence against a seat-box in the cab and thereby received serious and permanent physical injuries. It was negligence on the part of defendant to allow the shovel to lay where it was on the apron of the gangway, and such negligence was the direct and proximate cause of plaintiff's injuries.

Plaintiff did not see or know, nor could he by the exercise of such care as a man of ordinary prudence would have used under the same or like circumstances have known, that the shovel was lying in the gangway when he stepped from his position from the engine cab down upon it. Nor was he guilty himself of any negligence proximately contributing to his injury. The risk of the danger he encountered from the negligence before found of defendant, was not such as was ordinarily incident to his employment, nor was such risk assumed by him. By reason of the defendant's negligence, plaintiff was damaged in the amount found by the jury.

*Conclusions of Law.*—(1) That a juror has prejudice against any particular class of litigation, is not made by statute a specific ground of challenge for cause. That he "has a bias or prejudice in favor of or against either of the parties" is the statutory disqualification most nearly approaching it. When the spirit of the law is infused into its letter, we are not prepared to say that the prejudice of a juror against a class of litigation to which the case he is called on to try belongs, does not disqualify him from sitting as a juror in that particular case. For prejudice against a class of litigation under which the plaintiff's cause of action comes, is tantamount to a prejudice against the law which gives him the right to recover in his suit. And its existence in the mind of a juror, in the trial of the case, might work a greater injury than actual prejudice against him personally by the juror would cause him. A prejudice of a juror that might deny to a party his legal rights comes dangerously near a prejudice against such party himself, and in effect may be more damaging to him. And, therefore, it may be that the eye of the law, with justice in view, would look upon it as a prejudice against the party himself. But however this may be, 'the court trying a cause may allow a challenge for cause on other grounds than those which are declared to render a juror disqualified in a particular case, and when this power, which must necessarily be discretionary in its character, is exercised it ought not to be reversed in any case unless it be made clearly to appear that thereby the party complaining has been deprived of a trial by a fair and impartial jury." Couts v. Neer, 70 Texas, 473. Therefore, even should it be held that the jurors, Lewis

and Smith, who were challenged for cause by the plaintiff upon the ground that each had formed such a prejudice against suits of this nature as might influence him in his verdict were qualified jurors in this particular case, it does not follow that the judgment should be reversed because the trial court sustained the challenges. Though it appears from the record that after defendant had exhausted its challenges for cause, and talesmen were taken to fill up the jury, it is not shown· nor even contended that defendant desired to challenge or would have challenged either of them for cause, or that either of the talesmen was an unfair juror or that defendant was in any way prejudiced or injured by the court's sustaining plaintiff's challenges of Lewis and Smith.

(2) The third assignment of error complains of the court's refusing to give special charge No. 2, requested by defendant's counsel. We will not take space to copy the entire requested charge. After stating at great length, in an argumentative form, when under the law a servant may or may not recover for an injury resulting from the dangerous manner in which the business of his master is carried on, it winds up, as though stating a conclusion from an argumentative premise, as follows: "If you believe from the evidence that the employes of defendant in its roundhouse were in the habit of leaving the coal shovel or scoop, sometimes with the scoop of the shovel under the coal board; sometimes under the coal in front of the coal board; sometimes on top of the coal, and sometimes lying in the gangway between the engine and engine tender or tank, and that the plaintiff knew of the custom, or that by ordinary circumspection which a prudent man would use in the performance of his particular duty, he would have known of that custom, and that at the time the plaintiff was injured in attempting to board· defendant's engine in its roundhouse, as claimed by him, that said shovel was so left by some of defendant's employes in the gangway of said engine, and if you further believe that under such circumstances, in getting upon one defendant's engines in its roundhouse at San Antonio, as claimed by plaintiff, for the purpose of putting oil cans in the oil box upon said engine tank or tender, he stepped upon said shovel and was injured thereby, then in such case plaintiff assumed the danger to himself in stepping upon said shovel under such circumstances, if he did so step upon the same, and in such case you will return a verdict in favor of defendant." The principles stated in the preceding part of the special charge upon which the part copied is premised are such as are generally applicable to the system or rules and methods adopted by the master in conducting or carrying on a complex and dangerous business or in operating intricate and dangerous machinery, and not such as are ordinarily applied in determining the master's negligence vel non in cases where the injury to the servant is caused by simply placing or leaving an obstruction or object in his way rendering the place his master has assigned him to work dangerous or unsafe. In the latter class of case the servant owes no duty of inspection of defendant's premises. But it is the master's duty to exercise ordinary care to see that the premises where the servant is put to work are kept reasonably safe; and, if the premises were rendered dangerous by obstacles in the way, of which the master knew, or would have known by the exercise of ordinary care, and

it persisted in allowing such obstacles to be placed there, it would be its duty under such circumstances to warn its servants of the danger, unless from actual knowledge, experience or acquaintance with the premises the servant knew at the time of the injury or might have known of the presence of the object rendering the place dangerous for him to carry on his work.  Galveston H. & S. A. Ry. Co. v. Brown, 77 S. W. Rep., 833, and authority cited.  Choctaw O. & G. Ry. Co. v. McDade, 191 U. S., 65, Bk. 48 Law, ed. 96; Railway v. Howell (Ill.), 70 N. E. Rep., 15.  The charge requested and refused bears upon its face the implication that the shovel did not, when the engine was in the roundhouse, lay in the gangway between the engine tender and tank as it did at the time plaintiff was injured.  The defendant's servants must have habitually left the shovel or scoop in that place while the engine was in the roundhouse, and plaintiff must have known or been charged with the knowledge that it was generally left there in order to charge him with contributory negligence, or fix upon him the assumption of the risk of being injured by it.  He could not know, nor would he be charged with such knowledge if defendant's employes in the roundhouse were in the habit of leaving the shovel "sometimes under the coal boards, sometimes under the coal in front of the coal boards, and sometimes on top of the coal."  If it had been left in any of these places at the time of the accident, the plaintiff would not have been injured.  It was the negligence of leaving it in the gangway at that time which caused his injury; and if he did not know it was there or know of such facts as would be tantamount to such a knowledge, the defendant can not be relieved from its liability for such negligence.  Or in other words, to use the language of the court in its main charge, "if the plaintiff in stepping into the scoop or shovel, was guilty of negligence which contributed to his injury"  *  *  *  he could not recover; or "if plaintiff saw the shovel lying in the gangway  *  *  *  or if by the exercise of that circumspection which an ordinarily prudent man would have used under like circumstances, he would have known that the shovel was lying in said gangway,  *  *  *  then plaintiff assumed the risk and can not recover."  This part of the charge clearly and correctly places before the jury the only real issue of fact embraced in and sought to be given by the special charge, the refusal to give which is made the subject of this assignment.  We conclude therefore that the assignment of error is not well taken.

(3)  Special charge No. 6, which is made the subject of the fourth assignment of error, is upon the weight of evidence in that it assumes that certain issuable facts were shown by the undisputed evidence.  It was for the jury, and not for the court, to determine from the evidence whether the plaintiff was an old and experienced hand in defendant's roundhouse at San Antonio, as well as how long he had worked there. In other words, it was for the jury to deduce conclusions of fact from the evidence before them and not for the court to inform them, as a matter of law, what facts were sequents of such evidence.  There was no evidence tending to prove that plaintiff knew he might expect to find the shovel in the gangway or that he knew that the employes of defendant sometimes left it in that place.  Yet the requested charge as-

sumes as a matter of law, that if plaintiff knew that he might expect to find the shovel there, or that the employes of the defendant sometimes left it in the gangway, and he knew the roundhouse was improperly lighted, that he assumed all risk of performing his duty there. Even if it were shown that he knew, or was charged with knowledge of such facts, it would still be a question for the jury to determine whether under all the facts and circumstances attending the accident, he assumed the risk of the danger which resulted in his injuries. The servants of the defendant may have sometimes left the shovel in the gangway, and even if it should be conceded that plaintiff knew such fact, it does not follow that he might have reasonably expected it to be there at the time he was injured. Besides if it had been proven that plaintiff knew that the shovel was sometimes left in the gangway, and he might reasonably expect to find it there, still it would have to be shown that he should have reasonably anticipated that the shovel lay in the very place it was with the scoop up, so as to render his stepping upon it dangerous, in order to fasten upon him the assumption of the risk of such danger; for the shovel may have sometimes been left in the gangway in such a place or lay there in such a way, that he would not ordinarily expect to come in contact with it, or, if he did, his stepping upon it could not reasonably be expected to cause his injury. The fact that during the entire period of his services in performing like duties in the same manner, he never encountered a similar danger, would seem to negative the idea that he knew or had any reason to know that he might encounter as a risk ordinarily incident to his employment, the danger of being thrown down and injured by a shovel being placed in the gangway in such a way that if he stepped upon it he would fall and injury would likely result. Though the roundhouse may have been insufficiently lighted, and this may have been negligence on the part of the defendant, yet if it was not the proximate cause of plaintiff's injury, there could be no risk assumed by him as incident to such insufficient lighting, which would preclude his recovery for an injury which proximately resulted from another and essentially different act of negligence on the part of defendant.

What we have said in regard to this assignment disposes also of defendant's fifth assignment of error. And what we have said relative to the first is decisive of the questions raised by the sixth and seventh.

(4)  The eighth assignment of error is aimed at this part of the court's charge: "In determining the issue of plaintiff's contributory negligence you may look to all the surrounding facts and circumstances in evidence before you and determine therefrom whether or not the plaintiff used such care as a person of ordinary prudence would have used under the same or similar circumstances. If you believe from the evidence that in the manner of doing the work of placing said cans of oil in the oil box, or in stepping down from the said oil box, the plaintiff failed to use such care as a person of ordinary prudence would have used under the same or similar circumstances, and that such failure, if there was such failure, contributed to or caused his injuries, if any, then plaintiff can not recover." It seems to us that this part of the charge is good law, directly applicable to the case made by the

pleadings and evidence; and, when taken and considered in connection with the charge as a whole, is entirely free from the objections urged against it.

(5) The fifth special charge, the failure to give which is made the basis of appellant's ninth assignment of error is subtantially given in the main charge, and it would have been merely a repetition if the court had granted the request to give it.

(6) We can find no evidence in the record, nor is any indicated by appellant in the statement under its tenth assignment of error, "that plaintiff in getting upon the engine in defendants roundhouse, as claimed by him, saw the shovel lying in the gangway." Therefore it was not error for the court to refuse to give the fourth special charge requested by the defendant.

In Moshenvel v. District of Columbia, 191 U. S., 347, bk. 48 L. Ed. 170, which, though a case against a municipal corporation, is a case where the facts as to negligence are closely analogous to this, it was held that, "One who, with knowledge of the situation, elects, in descending the steps from her residence to the sidewalk, to cross over a projecting uncovered water box about four inches square, with its outer edge about four inches from a line drawn from the tread of the step nearest the sidewalk to the ground, instead of avoiding the box by stepping to one side, is not, as a matter of law, guilty of such contributory negligence as will defeat her action against the municipality to recover damages for the personal injuries sustained by reason of her failure to clear the box." We need enter into no argument to show that under this case, if defendant was guilty of negligence in leaving the shovel in the gangway, the plaintiff would not, as a matter of law, be guilty of contributory negligence in stepping on the shovel even had he known it was in the gangway.

(7) Our conclusions of fact dispose of the remaining assignments, which attack the sufficiency of the evidence to sustain the verdict, adversely to the defendant.

There is no error assigned which requires a reversal of the judgment and it is therefore affirmed.

*Affirmed.*

Writ of error refused.