### FRANK COMER v. ED. THORNTON.

Decided February 15, 1905.

**1.—Evidence—Hearsay—Motive.**

Proof of the testimony given by a witness on a former trial of the case, but who did not again testify, may be allowable where it is necessary to justify the motive or actions, in reference to the suit, of the party against whom he testified, as against attacks impeaching same.

**2.—Charge—Amount of Damages.**

Where the evidence leaves no question as to plaintiff's right to recover the full amount sued for, if entitled to recovery at all, the court may properly instruct the jury, if they find him entitled to recover, to award the full amount.

**3.—Evidence—Illustrating Testimony.**

A witness may properly be permitted to illustrate before the jury, by a mechanical device, as by looking through a rolled-up cylinder of paper, the facts to which he testifies.

Appeal from the County Court of San Saba. Tried below before Hon. W. A. Smith.

*P. M. Faver* and *Rector & Brown,* for appellant.—The court erred in permitting the witness, Thornton, to testify, over defendant's objections, that, upon the trial of this cause in the Justice Court, the defendant had a certain witness present at said trial, and proved by said witness that the well in dispute was a crooked and wabbling well from bottom to top, that it was the crookedest well witness had ever seen, that said well was as crooked as the letter Z, and that no part of the bottom of same could be seen, because said evidence was hearsay, and secondary evidence, and the defendant, not having said witness present at the trial in the County Court to contradict said evidence, said evidence was calculated to prejudice the jury against the defendant. Woosley v. McMahan, 46 Texas, 62; Dewees v. Bluntzer, 70 Texas, 406, 7 S. W. Rep., 820; Rankin v. Bell, 85 Texas, 28, 19 S. W. Rep., 874; Southwestern Coal & I. Co. v. Rohr, 15 Texas Civ. App., 404, 39 S. W. Rep., 1017; Downtain v. Connellee, 2 Texas Civ. App., 95, 21 S. W. Rep., 56.

A charge to the jury as to how much they should find, if any, for the plaintiff, where the evidence is conflicting, is a charge upon the weight of the evidence, it being the province of the jury to say how much, if any, they should find for the plaintiff. Texas & P. Ry. Co. v. Murphy, 46 Texas, 367; Bowles v. Glasgow, 2 Posey U. C., 716; Mayo v. Tudor, 74 Texas, 474.

The court erred in permitting the plaintiff, over defendant's objection, to form a cylinder with legal cap paper, one-fifth inch in diameter, with bump or protrusion on inside of cylinder, and then to permit the witnesses to testify, after first closing up said cylinder at one end with palm of hand, that the well in dispute and the cylinder were very much alike, because said witnesses did not qualify as experts, and said evidence was irrelevant and immaterial, and calculated to mislead the jury. Vance v. Upson, 66 Texas, 490; 1 S. W. Rep., 179; Fort Worth & D. C. Ry. Co. v. Thompson, 75 Texas, 504; Bailey v. Chapman, 15 Texas Civ. App., 242, 38 S. W. Rep., 544; Harris v. Notions, 79 Texas, 413; Radam v. Microbe D. Co., 81 Texas, 131.

The defendant denied his liability on the first well. The court's charge, in effect, tells the jury that the defendant admitted his liability on the first well. The court's charge is upon the weight of the evidence. Gulf, C. & S. F. Ry. Co. v. Greenlee, 62 Texas, 349; Emerson v. Mills, 83 Texas, 388; Spence v. Onstott, 3 Texas, 149.

*Walters & Hagan,* for appellee.—In determining whether questions are relevant or not, the judge shall take into consideration not only the issues as shown by the pleadings, but also the line of proof which has been resorted to by the respective parties. Testimony which would be clearly irrelevant or incompetent, if offered by one party in the first instance, may become very pertinent in rebuttal or explanation of evidence offered by the adversary. 1 Jones on the Law of Evidence, 349, sec. 168; 3 id., 1923, sec. 875.

In suit upon contract for drilling a well at specified price, with certain credits allowed about which there is no dispute, leaving balance due upon said contract for which plaintiff asks judgment, where defendant fails to plead failure of consideration, in whole or in part, but relies upon his general denial and special plea of conditional contract, which condition he alleges was entirely breached, and no effort is made to plead or prove damages by failure of contract, the plaintiff is entitled, if to recovery at all, to the contract price, less the credits proven and admitted.

It is proper, in the discretion of the court, to allow parties reasonable latitude in making experiments or tests in the presence of the jury to illustrate the testimony in the case. 2 Jones on Evidence, sec. 406.

EIDSON, Associate Justice.—This is a suit brought by appellee in the Justice's Court of Precinct number 1 of San Saba County, against appellant, based on a verified account, by which appellee claimed that appellant owed him a balance of $131.73 for drilling two certain wells for appellant.

Appellant filed an affidavit denying the justness of appellee's account, except as to the sum of $13.10, which he admitted he was due appellee on the second well.

Appellee claimed that appellant was due him the amount sued for by virtue of a verbal contract, whereby appellee agreed to drill a well for appellant on the latter's premises, and appellant agreed to pay him for such services seventy-five cents per foot in dirt, and $1.25 per foot in

rock when the well was completed, in cash, or a good bankable note, due ninety days after completion of the work, or from the time appellant should request him to stop work. Appellee alleged that, in pursuance of said agreement, he drilled one well ninety-seven and two-thirds feet deep, thirteen feet in dirt and eighty-four and two-thirds feet in rock, when appellant requested him to stop drilling in same, and required him to move his machine to another point, and undertake to put down a well there, which appellee did, and drilled a well at that place thirty-three feet deep, all of which was in rock, when appellee, at the request of appellant, stopped work on that well.

Appellee also set up in his pleadings that appellant, in making said contract with him, desired him to insure water, which appellee declined to do; and that appellant desired him to guarantee to drill appellant a straight well, from top to bottom, one that would receive a six-inch casing, which appellee also declined to do.

Appellant answered by general denial, and specially pleaded that appellee agreed to drill him a straight well from top to bottom, one that would receive a six-inch casing. Appellant also pleaded that appellee failed to drill the first well straight, so that it would receive a six-inch casing, according to his contract, but that same was drilled so crooked that appellee found that he could drill only a few feet further in it, and that, at his request, appellant permitted him to discontinue work in the first well and remove his machine to the second; that appellant did not request appellee to quit the first well. Appellant admitted on the trial in the County Court that he was due appellee $16.15 on the second well.

There was a trial in the Justice's Court which resulted in a verdict and judgment for the appellee for the sum of $100, from which judgment appellant appealed to the County Court, where a trial resulted in favor of appellee for the sum of $131.73.

Appellant's first assignment of error is as follows: "The court erred in permitting the witness, Ed. Thornton, to testify, over defendant's objections, that, upon the trial of this cause in the Justice's Court, the defendant, Frank Comer, had a certain witness present at said trial, and proved by said witness that the well in dispute was a crooked and wabbling well from bottom to top, that it was the crookedest well witness had ever seen, that said well was as crooked as the letter 'Z,' and that no part of the bottom of same could be seen; because said evidence was hearsay and secondary evidence, and the defendant, Comer, not having said witness present at the trial in the County Court to contradict said evidence, said evidence was calculated to prejudice the jury against the defendant."

In view of the circumstances under which the testimony complained of was admitted, we think there was no error in the action of the court in admitting same. If facts are brought out on cross-examination which tend to impeach the integrity or character of the witness, or to impugn the motive of the witness, who is a party to the suit, as relating to certain acts or conduct on his part in reference to the suit, he will be permitted, on redirect examination, to explain what induced or made necessary such acts or conduct on his part, and thus show, if he can, that

such acts or conduct are consistent with the truthfulness of his present statement. It is also to be observed that the statements testified to by the witness were favorable to appellant's contention, and for that reason were not to his prejudice.

Appellant's second assignment of error is as follows: "The court erred in instructing the jury, in answer to the question propounded to the court by the jury, after they had retired to consider their verdict, that, if they found for plaintiff, they would find for him in the full amount claimed to be balance due by him, because, under the pleadings, evidence and law, the jury could have found any less amount than that claimed by plaintiff, and because said instruction was upon the weight of the evidence."

The question propounded to the court by the jury was as follows: "To his Honor, Judge W. A. Smith:—If we find for plaintiff are we authorized to find for a less amount than the amount sued for? G. W. Revis." The answer of the court to this question is as follows: "Gentlemen of the Jury:—In answer to the above question, you are instructed, if you find for plaintiff, then you will find the balance due."

If it should be held that this charge instructed the jury that, if they found for plaintiff, to find for the full amount or balance due claimed by him, appellant was not prejudiced thereby, in view of the pleadings, evidence and general charge of the court. There was no controversy in the pleadings, or conflict in the evidence, as to the amount due appellee, if he complied with his contract; nor was there any as to his not being entitled to any amount, except the amount appellant admitted to be due him if he had not complied with his contract as to the first well. The general charge of the court instructed the jury that, if they found that the appellee had not complied with his contract with appellant as to the first well, they should find in favor of appellant.

Appellant's third assignment of error is as follows: "The court erred in permitting the plaintiff, over defendant's objection, to form a cylinder with legal cap paper, one-fifth inch in diameter, with bump or protrusion on inside of cylinder, and then to permit the witnesses, George Campbell, Henry Dove and C. Brown, to testify over defendant's objections, after first closing up said cylinder at one end with palm of hand in presence of the jury, and while upon the witness stand, that the well in dispute and the cylinder were very much alike, and that, in their opinion, for the same reason that you could see part of the surface of the palm of the hand that enclosed one end of the cylinder, that you could see part of the surface of the well, thus showing that the alleged crook in the said well in dispute was a bump, and not a crook, because said witnesses did not qualify as experts, and said evidence was irrelevant and immaterial, and calculated to mislead the jury."

We think there was no error in permitting the witnesses to illustrate to the jury the character and appearance of the well about which they were testifying by the use of the means adopted.

Appellant's fourth assignment of error is as follows: "The court erred in its charge to the jury in first telling the jury that defendant had answered plaintiff's pleading by denying that the account filed by plaintiff was just and true, but in telling the jury in the latter part of his charge that defendant admitted his liability on the well in dispute, and

the only well the court charged on in the amount of $16.15, because said charge is upon the weight of the evidence, and against the evidence, and is inconsistent within itself, and misleading."

There being no controversy as to the second well, and appellant having admitted that he was due appellee the amount of $16.15 on that well, and the court having properly and specifically instructed the jury as to the claims and rights of the parties as to the first well, telling them that appellee would not be entitled to any amount unless he had shown, by a preponderance of the testimony, that he had complied with his contract as to the first well, the jury could not have been misled by the charge omitting reference to the second well. The charge could not be construed as instructing the jury that appellant admitted his liability on the first well, as it positively instructs them to the contrary.

There is no merit in appellant's fifth assignment of error.

There being no reversible error in the record, the judgment of the court below is affirmed.

*Affirmed.*