PECOS & N. T. RY. CO. et al. v. WINKLER.
(No. 819.)

(Court of Civil Appeals of Texas. Amarillo. Oct. 26, 1915.)

1. MASTER AND SERVANT ☞278, 281—INJURIES TO SERVANT—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—EVIDENCE.

Evidence in an employé's action for injuries *held* sufficient to support findings that defendant negligently failed to provide a reasonably safe place for plaintiff to work, and that plaintiff was not guilty of contributory negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 954, 956–958, 960–969, 971, 972, 977, 987–996; Dec. Dig. ☞278, 281.]

2. MASTER AND SERVANT ☞252—INJURIES TO SERVANTS—NOTICE OF CLAIM—WAIVER.

Where plaintiff, in obtaining employment, signed an agreement that failure to give notice to the employer within 30 days after injury should bar his action for damages thereon, and after he was injured the employer's agent took a written statement of the claim of the plaintiff, taking the statement waived the requirement of written notice.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 806; Dec. Dig. ☞252.]

3. MASTER AND SERVANT ☞252—CONTRACT OF EMPLOYMENT—LIMITATION OF LIABILITY.

Under Rev. St. 1911, art. 5714, providing that a stipulation in a contract requiring notice as a condition precedent to suit for damages for personal injuries must be reasonable, and making any stipulation for notice in less than 90 days void, and making void every stipulation between a railway and its employé for such notice in cases of injuries caused by negligence, a contract of employment of the plaintiff as a switchman for defendant requiring notice to be given in 30 days will not defeat plaintiff's action, whether notice is given or not.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 806; Dec. Dig. ☞252.]

4. MASTER AND SERVANT ☞203 — NEGLIGENCE ☞101—INJURIES TO SERVANT—ASSUMED RISK—CONTRIBUTORY NEGLIGENCE—EFFECT.

Where a servant assumes a risk, it will defeat recovery for injuries caused thereby in any sum, but his contributory negligence on his part merely diminishes his recovery.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 538–543; Dec. Dig. ☞203; Negligence, Cent. Dig. §§ 85, 163, 164, 167; Dec. Dig. ☞101.]

5. MASTER AND SERVANT ☞291—INJURIES TO SERVANT — INSTRUCTIONS — ASSUMPTION OF RISK—CONTRIBUTORY NEGLIGENCE.

In a switchman's action for injuries, an instruction that if, in going in front of moving cars, plaintiff knew the danger, and that it was not required of him in the performance of his duty, and if he was negligent, he was guilty of contributory negligence, is erroneous for attempting to combine contributory negligence and assumption of risk.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1133, 1134, 1136–1146; Dec. Dig. ☞291.]

6. MASTER AND SERVANT ☞224—INJURIES TO SERVANTS—ASSUMPTION OF RISK.

Where the servant is injured while at work, but in doing an unnecessary act of his own volition, the master is not liable; it being an assumption of the risk.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 654; Dec. Dig. ☞224.]

7. NEGLIGENCE ☞101—INJURIES TO SERVANT—COMPARATIVE NEGLIGENCE.

In order to diminish recovery by the servant on account of contributory negligence, the employer need not show that the servant knew of the danger because of which he was injured, but it is sufficient that at the time he did not exercise due care.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 85, 163, 164, 167; Dec. Dig. ☞101.]

8. APPEAL AND ERROR ☞1140 — MEDICAL CARE—AMOUNT—REMISSION.

Where a verdict allows an excessive amount for medical attendance, the error will be cured by plaintiff's filing a remittitur so as to conform the amount to that supported by the evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent.Dig. §§ 4462–4476; Dec.Dig. ☞1140.]

9. TRIAL ☞260—REQUESTED INSTRUCTIONS—NECESSITY.

It is not error to refuse a requested instruction substantially covered by the charge of the court.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. ☞260.]

10. APPEAL AND ERROR ☞730—MATTERS REVIEWABLE—RECORD.

Where an assignment of error fails to give the substance of the requested charge on the refusal of which it is based, and the statement thereunder does not set it out nor refer to the page of the record where it may be found, the court will regard it as waived.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3013–3016; Dec. Dig. ☞730.]

11. TRIAL ☞250—INSTRUCTIONS—CONFORMITY TO PLEADINGS AND EVIDENCE.

Refusal to instruct upon an issue not raised by the pleadings or evidence is proper.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 584–586; Dec. Dig. ☞250.]

12. MASTER AND SERVANT ☞289—INJURIES TO SERVANT—CONTRIBUTORY NEGLIGENCE.

Where a switchman seeks recovery for personal injuries received when he went between cars to make a coupling, the question whether the coupler could have been operated from the side of the cars without going between them so as to make the plaintiff guilty of contributory negligence was for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1089, 1090, 1092–1132; Dec. Dig. ☞289.]

13. APPEAL AND ERROR ☞1068—HARMLESS ERROR—INSTRUCTIONS.

The refusal of a requested instruction that, if plaintiff switchman was guilty of negligence in going in front of a car to make a coupling, and defendant railway company was not guilty of negligence, the jury should find for defendant, presents only harmless error, where the verdict shows that the jury found the defendant guilty of negligence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4225–4228, 4230; Dec. Dig. ☞1068.]

14. APPEAL AND ERROR ☞1051—HARMLESS ERROR—ADMISSION OF EVIDENCE.

Where plaintiff, an experienced switchman, injured in coupling cars, was permitted to testify that he "had to" get down between the cars to make a coupling, the admission of such testimony, if error, was harmless; it already having been shown that the coupler would not

open the knuckle, so that the opinion evidence given was immaterial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4161–4170; Dec. Dig. ☞ 1051.]

15. **MASTER AND SERVANT** ☞274—**PERSONAL INJURIES—CONTRIBUTORY NEGLIGENCE—EVIDENCE—CUSTOM.**

In the absence of a specific rule forbidding employés to make couplings by going between the cars, evidence of the custom of employés in that regard is admissible to rebut contributory negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 939–949; Dec. Dig. ☞ 274.]

16. **WITNESSES** ☞396—**CONFLICTING STATEMENTS—EXPLANATION.**

Where the agent of defendant railway company by false and fraudulent representations procured a statement from plaintiff, injured while employed by defendant, that he had entirely recovered from all injuries received, and the statement is introduced on trial to contradict the plaintiff as to his injuries, evidence of plaintiff as to the circumstances surrounding the giving of the statement and as to its falsity is admissible.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1261–1264; Dec. Dig. ☞396.]

17. **WITNESSES** ☞414—**CORROBORATION—EVIDENCE—ADMISSIBILITY.**

A report of defendant railway company's investigator on the condition of a car coupling, in operating which plaintiff was injured, is not admissible to corroborate the testimony of the investigator, unless made before motive for concealing defects arose.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1287, 1288; Dec. Dig. ☞414.]

18. **EVIDENCE** ☞359 — **EXPERTS — PHOTOGRAPH.**

Evidence of a physician attending plaintiff switchman injured while in the employ of the defendant, as explained by means of X-ray photographs of the plaintiff's anatomy after injury, is admissible, if preliminary evidence has established the correctness of the photographs.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1509–1512; Dec. Dig. ☞359.]

Appeal from District Court, Potter County; J. N. Browning, Judge.

Action by Frank Winkler against the Pecos & Northern Texas Railway Company and others. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

Terry, Cavin & Mills, of Galveston, and Madden, Trulove, Ryburn & Pipkin, of Amarillo, for appellants. J. H. Synnott, of Dallas, and R. E. Underwood, of Amarillo, for appellee.

HUFF, C. J. Winkler sued appellants, railway companies, for damages occasioned by injuries received by him, alleged to have been inflicted on him while in the employment of appellants, on the 2d day of April, 1913, in and about the switchyards of appellants in Amarillo. The jury returned a verdict in his favor for $6,000.

The negligence alleged is as follows:

"That about the 1st day of April, 1913, the defendants, their agents and servants, negligently dug, bored, and excavated a large and deep hole about 12 inches in diameter and about 16 inches deep near the center of said yards and plaintiff's aforesaid place of work, between the end of two ties and just on the outside and right against the rail of one of the said many tracks or switches over which it was plaintiff's duty, as aforesaid, to assist in the operation of defendants' trains, and thereafter negligently and carelessly allowed and permitted said hole to remain and refused to fill, close, or remove the same during the entire day of April 2, 1913."

He further alleged, while performing his duty, he stepped into the hole above set out and fell in front of a train of cars being switched, which ran over and injured him; that the train of cars was being switched on track No. 4, to be coupled onto other cars standing on said track, and that he rode on the north front car of the train, which was being switched, for the purpose of making the coupling; that the knuckle of the front car was defective, in that, when the pin was raised, the knuckle would not open as the car approached the stationary cars, the knuckle remained closed, and in order to make the coupling it was necessary that the knuckle on said car should be opened by hand, and it was his duty, under such circumstances, to descend from the moving car and overtake the knuckle and open the same before it came in contact with the standing cars, and as the moving cars came near the hole, and after appellee had endeavored to open the knuckle with the lever of the coupling, and could not do so, he descended from the car and stepped ahead of same and between the rails to open the knuckle, and as he turned around the end of the car for the purpose of stepping between the rails ahead of the moving car, his foot slipped and slid into said hole, which caused him to fall in front of the car and between the rails; and that he was thereby injured, etc.

The defendants denied specifically the acts of negligence set out, and that the accident was not due to any negligence upon the part of the defendants in the particulars alleged, but was due to the negligence of appellee in going in front of the car, when there was no necessity or duty requiring him to do so, pleading contributory negligence, assumed risk, etc.

[1] The trial court submitted to the jury whether the appellants were negligent in digging a hole at the place it did and whether it was negligent in leaving it there unfilled and level, and whether such negligence was the proximate cause of appellee's injury. The evidence will authorize the inference that some engine at some time previous to appellee's fall stopped at the point where the hole was, and that it was made by water from the overflow pipe attached to the engine, and that the hole was something near the size described in the petition; that it had been made previous to the day on which appellee was injured, and left in that condition, rendering it dangerous and unsafe for employés required to work in the yards switching cars

and trains. It will authorize the inference also that the employé whose duty it was to keep clear the track at that point either saw the hole the morning previous to the fall, and negligently failed to fill it, as was his duty, or that he negligently failed to discover it, which he could have done by proper care, and will authorize the inference that appellee stepped in this hole, and that it caused him to fall in front of the cars, and that some three or four passed over him, dragging him and injuring him in several portions of his body, as alleged, and that this was negligence on the part of appellants which proximately caused the injury to appellee. We therefore would not, under the facts of this case, be warranted in finding that there was no evidence, as a matter of law, warranting the jury to find that appellants negligently failed to provide a reasonably safe place in which for appellee to work. M., K. & T. Ry. Co. v. Wise (Civ. App.) 106 S. W. 465. This case was affirmed by the Supreme Court, 101 Tex. 459, 109 S. W. 112; Railway Co. v. Manns, 37 Tex. Civ. App. 356, 84 S. W. 254; Railway Co. v. Toliver, 37 Tex. Civ. App. 437, 84 S. W. 376; Railway Co. v. Redeker, 67 Tex. 181, 2 S. W. 513. Without stating our conclusion of the facts, we do not feel authorized to say there were no facts which would authorize an inference by the jury that appellee was not guilty of contributory negligence. Railway Co. v. Adams, 94 Tex. 100, 58 S. W. 831; Railway Co. v. Smith (Civ. App.) 101 S. W. 453.

[2, 3] The appellee made a written application for employment with the appellants, in which it is stated, if he should be injured while in the employment, that he would in 30 days after such injury give notice in writing of any claim for damages to the claim agent or general claim agent of appellants, and that a failure to give such written notice of such claim within 30 days should be a bar to the institution of any suit on account of such injury. This clause was set up as a bar to appellee's cause of action by the appellants. The facts in this case show that in less than a week after the injury appellant's claim agent called on appellee for a statement, which he gave to the agent. This statement was reduced to writing, and appellee signed it, and was referred to by the evidence in this case.

The trial court, at the request of the appellants, submitted to the jury whether the above provision contained in appellee's application was reasonable, and whether the notice stipulated for had been waived by appellants. The jury evidently found it was unreasonable or had been waived. We believe the fact that appellants obtained the statement of the claim of appellee in writing within a week after the injury would authorize the finding that the appellants had waived the giving of notice stipulated for. Railway Co. v. Hendricks, 49 Tex. Civ. App.

314, 108 S. W. 745. We do not believe, under our statutes, appellants could defeat the claim for damages occasioned by personal injuries by stipulating that notice thereof must be given within 30 days after such injury. Article 5714, R. C. S.; Railway Co. v. Hudgins (Civ. App.) 127 S. W. 1184.

For the reasons above expressed, we do not believe the trial court was in error in refusing appellee's special requested peremptory instructions, and the assignments Nos. 1, 2, 3, and 4, together with the propositions thereunder, will be overruled.

The fifth assignment of error will be overruled. Taking the second and sixth paragraphs of the court's charge together, we think the jury was sufficiently instructed as to the facts required to be proven by appellee by a preponderance of the evidence, and that the burden was on him to so establish such facts. The sixth assignment complains that the fourth paragraph of the court's charge is erroneous. The court instructed that the duty was on appellants to furnish appellee a reasonably safe place to occupy while in the discharge of his duties as switchman and use ordinary care to keep its railway tracks and sufficient space of ground adjacent to it clear of holes and excavations, which would likely interfere with the switchman in the discharge of his duty; that there was no duty on the switchman to inspect the premises where he was expected to work. The court did not instruct the jury that appellee "was not required to use any care to discover the presence of any hole," etc., as asserted by appellants in their proposition. The trial court did instruct that he was required to use ordinary care and prudence to avoid injury to himself. The objection taken to the charge is not sound. The charge of the court is substantially the language used by the Supreme Court in several cases, except the jury were not charged thereby that "he does not assume the risk arising from the failure of the master to do his duty, unless he knows of the failure and the attendant risk, or in the ordinary discharge of his own duty must necessarily have acquired knowledge." The appellants do not except to the charge because of this omission by the court. However, in the eighth paragraph of the court's charge this omission, if there was any error in omitting it, was covered, and no injury could have resulted to appellants thereby. Bonnell v. Railway Co., 89 Tex. 72, 33 S. W. 334; Railway Co. v. Hannig, 91 Tex. 347, 43 S. W. 508; American Machinery Co. v. Haley (Civ. App.) 165 S. W. 83.

The seventh, eighth, and ninth assignments assail the sixth paragraph of the court's charge, on the ground that it assumes appellee exercised ordinary care in trying to make the coupling and ignores contributory negligence, or that it assumes the hole caused appellee to fall. We will not set out the charge or discuss these assignments further

than to say we do not think the charge assumes any of the facts, but leaves to the jury the duty of finding the facts. We do not regard the charge as being on the weight of the evidence.

[4-7] The appellant's tenth and eleventh assignments assail the ninth paragraph of the court's charge, which is as follows:

"(9) By contributory negligence, as used in this charge, is meant such act or omission on the part of plaintiff as an ordinarily prudent person would not do, under the same circumstances which act or omission, concurring with a .negligent act of omission, if any, of the defendants, or where the defendants were free from negligence on their part, became the proximate cause of the injury complained of. Now, therefore, if you believe from the testimony before you that plaintiff, as defendants' switchman, knew that the duties he assumed were hazardous and dangerous, and that he knew of the condition of the tracks and yards on which he was working, and knew of the probable presence of the holes or excavations near such tracks, caused by the handling of engines and cars upon and over the same, or that he should have known or discovered the same in the exercise of ordinary care in the course of his employment, or if you believe from the evidence that he knew, or should have known, that it was dangerous, and not necessary or required of him, to go between the rails in front of moving cars in the performance of his duties, and you believe that he neglected and failed to exercise ordinary care for his own personal safety in so doing, and you believe that, under all the circumstances, such was negligence on his part and contributed to his injuries, then, if the defendants were not guilty of negligence on their part you will find for the defendants; but, if you find from the evidence that the defendants were guilty of negligence, as alleged by plaintiff, and that the same was the direct and proximate cause of plaintiff's injury, and that he suffered damages as the proximate result thereof, then the plaintiff would nevertheless be entitled to recover for such damages, if any, as were the direct and proximate result of the negligence, if any, of the defendants, and the jury in such case will diminish and deduct his damages in proportion to the negligence attributable to the plaintiff which contributed directly to such injuries and damages."

In this state the distinction between assumed risk and contributory negligence is recognized. If the servant assumes the risk, it will defeat a recovery for any sum; while, under our statute, contributory negligence concurring with the negligence of the master proximately producing injury will diminish recovery. Railway Co. v. Hodnett (Sup.) 103 S. W. 13. If the appellee knew of the hole in the track and the danger therefrom in performing the work, he was guilty of assumed risk, which would defeat a recovery for any amount, and he could not recover diminished damages, as charged by the court. Railway Co. v. Bradford, 66 Tex. 732, 2 S. W. 595, 59 Am. Rep. 639; Railway Co. v. Shehan (Sup.) 18 S. W. 151; Railway Co. v. Lempe, 59 Tex. 19. Again, if he knew of the danger "and that it was not necessary or required of him to go between the rails in front of moving cars in the performance of his duty," this, too, would be assumed risk on his part, which would defeat a recovery. 3 Labatt, Master & Servant (2d Ed.)

§ 1166; Railway Co. v. Mathis, 101 Tex. 342, 107 S. W. 530. Labatt says:

"In these, as in most other cases where the intentional adoption of a certain line of action is proved, the facts will also be suggestive of contributory negligence. But it is both unnecessary and disadvantageous to rely upon the conception which raises a disputable question, if a decisive element is supplied by the clear evidence of a deliberate choice on the servant's part, or the exercise of his own judgment in creating the conditions which occasioned the accident."

Judge Gaines, in the Mathis Case, supra, quotes the above section from Labatt with approval. Now, in this case the court tells the jury, if they find in going in front of the moving cars appellee knew the danger, and that it was not necessary or required of him in the performance of his duty, if he was negligent, he would be guilty of contributory negligence. If he knew the danger, and it was not necessary or required of him to go in front of the moving cars, it would be a deliberate choice or the exercise of his own judgment which occasioned the accident. If the jury so found the facts; they must necessarily have found he deliberately assumed the risk, knowing the danger. He selected an unnecessary way and one not required. The master could not, under the law, be made responsible for the servant's own voluntary act and choice. Of course, if there is an issue raised by the evidence whether going in front of the car was then necessary or required in order to perform his duty, the court should submit the question whether an ordinarily prudent man would have done so under the circumstances. The appellee claimed on account of the defect in the coupler he was required to go in front of the car. The appellants claim it was unnecessary, for the reason that the coupler would open the knuckle from the side of the car, and that the coupler was not defective. If the appellee did not then know the danger, even though the coupler was defective, it may be that the question of contributory negligence should have been submitted; but if, where he both knew the danger and that it was not necessary, he, by his own volition, assumed the risk, the master would not be liable for anything. The defect in the track may have been known to appellee; yet he may not have known that such defect was dangerous to him, or necessarily so. The Lempe Case, supra. The facts may present the issue if the defendant knew, or should necessarily have known, of the defect, but did not then know of the danger in performance of his duty, which, under the circumstances, was then necessary to be performed, by going in front of the moving train, whether he then under the circumstances acted as an ordinarily prudent person would have done; but, if he knew the defect and knew the danger and that it was unnecessary to go in front of the car, he could not recover anything on the ground that he assumed the risk. Railway Co. v. Wilson, 189 Ill. 89, 59

N. E. 573. In order for appellants to diminish the damages on account of contributory negligence, they were not required to show that the appellee knew the defect and danger. All they were required to show was that, under the then conditions or circumstances, appellee, in trying to make the coupling, did not act with ordinary care. The charge is defective in attempting to couple contributory negligence and assumed risk together, and in such way as to confuse the issue. This has frequently been held error in this state. Railway Co. v. Bryant, 8 Tex. Civ. App. 134, 27 S. W. 825. We do not regard the charge as harmless, even though the trial court may have properly instructed the jury on assumed risk. We are unable to say the jury did not find the facts constituting assumed risk and followed this charge on contributory negligence, instead of one on assumed risk; that is, they may have found the facts which would defeat a recovery, but diminished the damages as directed in this charge. This charge must necessarily reverse the case.

The twelfth assignment is overruled. We believe the tenth paragraph of the charge substantially correct.

[8] The thirteenth assignment will be sustained, as we find no evidence that the amount paid for drugs and the doctor's bill were reasonable. The evidence shows that the amount paid was $75. However, this error could be cured by a remittitur.

The fourteenth assignment is overruled. The eleventh paragraph of the court's charge, in our judgment, is not subject to the criticism here urged.

[9] The fifteenth assignment of error is overruled. The ninth paragraph of the court's charge substantially gave the same rule for diminishing the damages on account of contributory negligence as here requested.

[10] The sixteenth assignment. This assignment does not give the substance of the charge requested, and the statement thereunder in appellants' brief does not set out the charge or refer to the page of the record where it may be found. This assignment will be considered waived.

The seventeenth assignment complains at the action of the court in refusing the fifth specially requested charge. This charge presents the issue of assumed risk. The court substantially gave this charge in the main instruction, which is embodied in paragraphs 4 and 8 thereof.

[11] The eighteenth assignment is overruled. Special charge No. 6 was properly refused. There was no issue raised, either by the pleadings or evidence, that called for the charge. There was not the slightest chance of the jury finding negligence on the part of the appellant because the string of cars was permitted to roll down the track detached from the engine.

[12] The nineteenth assignment is overruled. The charge as drawn was not correct under the issues of the case. There was no recovery sought on account of the defect in the coupler, and such defect was not submitted to the jury by the charge of the court as a ground of recovery. If the coupler had worked properly, it may be there was no necessity to open the knuckle with the hand. Under such circumstances, it may have been negligence on the part of the appellee to go in front of the car to open it, but this would be a question for the jury to determine under the circumstances of the case, and the court would not have been authorized to instruct the jury that, because the coupler worked properly, they should find for appellants. Whether it was contributory negligence or not was a question for the jury under the facts of this case, and if it was contributory negligence, that would not have defeated a recovery entirely, but would have only diminished the recovery in proportion to appellee's negligence.

[13] The twentieth assignment is overruled. The refusal of this charge is shown to be harmless by the verdict of the jury. The charge requested sought to have the jury instructed that, if appellee was guilty of negligence in going in front of the car to make the coupling, and appellants were not guilty of negligence, then they would find for appellants. The jury, by their verdict, found from the evidence that the appellants were guilty of negligence. Hence they could not have found for appellants under the charge. If the charge had told the jury to diminish the damages in proportion to appellee's negligence, then its refusal might have been harmful, and perhaps such a charge should have been given.

[14] The twenty-first assignment complains of the following testimony, admitted over appellants' objection, that is, that it was the opinion of the witness:

"When I got down in order to get in front of the car and open it with my hand, I had to do so so the car would couple."

He had testified that the lever of the coupler would not open the knuckle. It was shown that the knuckle had to be opened to make the coupling. The appellee had sufficient experience to give an opinion as to what was required to make a coupling. This, if an opinion, was so immaterial under all the facts as to render it harmless.

[15] The twenty-second assignment complains at the action of the court in permitting appellee to testify:

"When these couplers do not open that way it is customary to open them by hand"

—and in permitting Nick Browning to testify:

"Men do step in front of cars to make couplings when there is no necessity for it. I do not think they do that when the couplers can be worked on the outside."

The appellants objected because this testimony was the opinion of the witnesses and that there was no pleading of custom, and such custom could not be made the basis

of negligence on the part of appellants. The appellants, on cross-examination of appellee, sought to show there was a rule forbidding employés going in front of moving cars, and sought by Browning to show the same fact on direct examination. On the redirect examination of appellee, and the cross-examination of Browning, the above testimony was elicited. There was no such rule as was sought to be proven shown. Appellee sought to show that when the lever would not raise the knuckle that there was no other way to make the coupling, except by lifting it by the hand, and this was the manner in which it was done by the employés. This evidence was offered, as we conceive it, not to prove negligence on the part of the appellants, but to show that appellee acted in the usual and customary way and as an ordinarily prudent man would have acted. The evidence indicates that this practice was of such a nature that appellants must necessarily have known of it, and, if so, then appellants would be bound by it. In the absence of any specific rule on the question, the practice of the employés of appellants would be admissible. On the question whether the appellee acted in the ordinary way in making the coupling, it occurs to us that it was proper for this testimony to go before the jury as a circumstance on the question of appellee's negligence. This appears to be the holding of authorities in this state, and that such testimony and evidence as here admitted has been admitted with approval on the issue of contributory negligence. Gallaway v. Railway Co. (Civ. App.) 78 S. W. 32; Railway Co. v. Engelhorn, 24 Tex. Civ. App. 324, 62 S. W. 561, 65 S. W. 68; Railway Co. v. Still (Civ. App.) 100 S. W. 182; 3 Labatt on Master & Servant (2d Ed.) § 1269. This was not a ground of negligence charged against appellants, but simply an effort to show that appellee acted in the usual and ordinary way. We think, in the light of all the evidence in this record, the admission of the testimony could not have injured appellants.

[16] The twenty-third assignment complains of the action of the court in permitting appellee to testify what he told one West as to this condition from his injuries at Ft. Worth, etc. It appears that West came to Amarillo and induced appellee to go to Ft. Worth after his injuries with him, under a promise of procuring appellee a position as the manager of an accident insurance company. While there West ostensibly was instructing him in his duties. It appears that appellee and West went in bathing, and appellants procured and offered in evidence photographs of appellee and West while in bathing. While at Ft. Worth the appellee filled out application for insurance, in which he stated:

"I now state that I am fully recovered from said accident and physically able to perform the duties pertaining to insurance work."

Appellee testified he told West about the accident and the truth about his physical condition, and that West tried to get him two or three days to make the statement introduced by appellants, and he told West he would not do so. West insisted, and continued to urge appellee to sign the statement, stating that it was not material and would do no harm, and that it was a matter of form, and West said appellee could not get the position without signing it. This testimony as to what occurred between West and appellee is the evidence objected to. The appellee contends that West was a secret detective for the Santa Fé appellants, and for the purpose of entrapping him induced appellee to sign the statement. There are facts and circumstances from which a jury might infer such contention to be true. The appellants had introduced the above quotation from the application signed by appellee. We understand the rule to be, where the statement of the witness is introduced to contradict his testimony on trial, he may explain the reasons which induced him to make it. Smith v. Traders' National Bank, 82 Tex. 368, 17 S. W. 779, 783; Railway Co. v. Walden (Civ. App.) 46 S. W. 89; Comer v. Thornton, 38 Tex. Civ. App. 287, 86 S. W. 19.

[17] The twenty-fourth assignment urges that the court was in error in excluding the statement or report of T. H. Farrell made to the appellants upon the condition of the coupler on the car which the appellee claims would not open and shortly after the injury. This witness testified fully as to its condition and referred to his statement as a memoranda while on the witness stand. Upon appellants offering the report made by this witness to appellants, the appellee interposed objection, which the court sustained. It is contended that this should have been admitted, for the reason that the credibility of the witness was questioned, and that the condition of the coupler was controverted. This witness was offered to show that appellee's testimony as to the coupler was not correct. There was no effort to impeach Farrell, but he himself acted as a controverting witness of the testimony of appellee. The witness evidently had the same motive for making the statement contained in the report that he had in giving his testimony upon the trial. After the accident he examined the car for the purpose of his report. This report or statement will not be admissible in corroboration of his testimony, unless such declaration was made at a time when there was no motive existing to assist the appellants in obtaining testimony in this case. This is not shown in the record. Insurance Co. v. Eastman, 95 Tex. 34, 64 S. W. 863.

[18] The twenty-fifth and twenty-sixth assignments complain at the action of the court in permitting the introduction of X-ray photographs of appellee's neck and that of Dr. Gist. Dr. Vineyard owned the machine

making the photographs and made them, and testified very fully to his experience in such work, and it was shown by the witnesses that the photographs correctly represented the condition of appellee's neck. We believe a sufficient predicate was laid for the introduction of the photographs, and there was no error in admitting them. We see no objection to the testimony of Dr. Gist in explaining the photographs and showing the bones which were exhibited thereby and in explaining what bones were named in the testimony. We believe it would be an aid to the jury in understanding the testimony of the witnesses as to the bones which were claimed to have been injured by appellee and denied by appellants. We see no error in the action of the court in this particular. All that is required for the introduction of photographs of this kind is that preliminary evidence should be given of its correctness. This was done in this case. Jones' Blue Book on Evidence, vol. 3, § 411.

The judgment will be reversed, and the cause remanded.