TEXAS & NEW ORLEANS RAILWAY COMPANY V. DENNIE CONROY.

No. 3091.

1. **Care by Employe to Protect Himself from Harm.** — Conroy in coupling cars had his hand mashed. He went to make the coupling, not expecting the *gooseneck* (from which the injury was received); made the coupling quickly, in not more than two seconds; had never known the goose-neck used on freight trains, during a long service on railways, and they are not commonly so used. Upon this statement it was only necessary that the court instruct, that "if the plaintiff saw the apparatus, or should have seen it by the exercise of reasonable care, in time to have avoided the injury, he could not recover."

2. **Erroneous Charge—Master and Servant.**—In the charge given was the following paragraph: "If the *goose-neck* coupling apparatus was not more dangerous

than an ordinary coupler, *and* if plaintiff knew of it being there *and* did not use ordinary care as a man of ordinary care and skill should have used under the circumstances and danger attending the making of such coupling," then the verdict should be for the defendant. *Held*, error. Either one of the facts would have been a defense, and each should have been submitted as a separate defense.

3. **Due Care.**—See charge submitting want of negligence as equivalent to proper care. Charge discussed and criticised.

APPEAL from Harris. Tried below before Hon. JAMES MASTERSON. The opinion states the case.

*W. N. Shaw,* for appellant, cited Rev. Stats., art. 1317; Railway v. Lempe, 59 Texas, 19; Railway v. Dyer, 76 Texas, 161; Golden v. Patterson; 56 Texas, 628; Markham v. Nav. Co., 73 Texas, 247; Watson v. Railway, 58 Texas, 434; Railway v. Waller, 56 Texas, 331; Railway v. Ormond, 62 Texas, 274; Heldt v. Webster, 60 Texas, 207; Railway v. Cooper, 70 Texas, 67.

*Goldthwaite & Ewing* and *H. F. Ring,* for appellee, cited Rev. Stats., art. 1358; Railway v. Garrett, 73 Texas, 262; Railway v. White, 76 Texas, 103; Railway v. Dorsey, 66 Texas, 149; Railway v. Callbreath, 66 Texas, 529; Railway v. Lehmberg, 75 Texas, 67; Railway v. Greenlee, 70 Texas, 553.

COLLARD, JUDGE, *Section A.*—Suit by appellee, Dennie Conroy, against appellant, the Texas & New Orleans Railway Company, for damages for injuries received by him, an employe of the railway, at Beaumont, Texas, while coupling a tender and engine to a freight train. The ground of the complaint was, that the coupling apparatus on the tender of the engine had as one of its attachments what is known as the "goose-neck;" that its use was more dangerous than the ordinary coupling apparatus, and was not intended to be used on freight trains; that plaintiff did not know it was there, and did not see it until it struck his hand and mashed it on the box car while he was making the coupling. There was verdict and judgment for plaintiff for $5000, from which defendant has appealed.

The first assignment of error is, that the verdict is contrary to the evidence, which is to the effect that plaintiff had notice of the character of coupling he had to make, and must have seen the goose-neck before he made the coupling, and therefore assumed the risk.

As in our opinion the judgment should be reversed upon other grounds, and the question presented by the assignment is one of fact, we think it inappropriate and unnecessary for us at this time to discuss the evidence or express any conclusion we might favor in reference thereto.

Appellant complains that the court erred in refusing to give the following special charge: "If the proof satisfies you that the goose-neck in question was open to observation or obvious to the senses, and if with reasonable care on plaintiff's part it could have been seen and known to plaintiff, then it was the duty of plaintiff to protect himself, and he can not recover."

The court on this subject instructed the jury very much as requested in the foregoing: that if under the circumstances the plaintiff "in the exercise of such care as a man of ordinary care and prudence would reasonably exercise could not have known of such goose-neck, and if he did use such care as a man of ordinary prudence would and should have used," etc., charging other conditions upon which plaintiff might recover. Then the converse of the proposition was given, as follows: "If the goose-neck apparatus was not more dangerous than an ordinary coupler, and if plaintiff knew of its being there, and did not use such ordinary care as a man of ordinary care and skill reasonably should have used, considering the circumstances and danger attending making such coupling; or if under the circumstances and situation he (plaintiff) did not exercise such ordinary care and skill in looking, if by use of such care he reasonably could and should have seen the style and character of the coupling and have comprehended the danger of its use, and if in the exercise of such ordinary skill, etc., the danger could and should have been avoided,     *   *   *     then find for defendant."

The court's charge was more applicable to the facts than the requested charge upon the issue presented in the special charge. The question was not so much whether the goose-neck apparatus was open to observation and obvious to the senses, as whether plaintiff ought under the circumstances to have seen it by the exercise of ordinary care, or did see it. He went in to make the coupling; was not expecting the goose-neck; made the coupling quickly, in not more than two seconds; had never known the goose-neck used on freight trains during a long service on railways, and they were not commonly so used. Under these circumstances or issues, for there was opposing evidence, it was only necessary to instruct the jury that if the plaintiff saw the apparatus, or should have seen it by the exercise of reasonable care, in time to have avoided the injury, he could not recover. All the facts and circumstances must of course be considered in deciding this question, but we do not think the court's charge was defective in this respect, and hence it was not error to refuse the charge asked.

The charge is not, however, correct in another phase: "If the goose-neck coupling apparatus was not more dangerous than an ordinary coupler, *and* if plaintiff knew of its being there, *and* did not use ordinary care as a man of ordinary care and skill reasonably should have used, considering the circumstances and danger attending the mak-

ing of such a coupling, then the verdict should be for the defendant." The existence of either one of the facts referred to in the charge, connected by "and," would be sufficient to exempt defendant of liability, and each of them should have been given as separate defenses. Railway v. Somers, 78 Texas, 439; Railway v. Garrett, 73 Texas, 262; Railway v. Brentford, 79 Texas, 619; Railway v. Lempe, 59 Texas, 19; Railway v. White, 76 Texas, 102.

The following instruction given at request of plaintiff is assigned as error: "If the jury believe from the evidence that the goose-neck might have been seen by the plaintiff on the occasion in question, but that he did not in fact notice it, then if the jury believe that plaintiff did not expect and had no reason to expect the goose-neck there, and was not in view of the circumstances guilty of negligence in not noticing it, the plaintiff's failure to notice it would not debar a recovery."

It requires very nice discrimination and hair-splitting to detect any error in this charge. It presents the idea that the absence of negligence on the part of plaintiff would be equivalent to the use of due care. The only improvement that could be suggested to the charge, if it needs any, would be to omit, "and was not in view of the circumstances guilty of negligence in not noticing it," and substitute some other expression requiring of him the exercise of due and proper care; for if by the use of such care he would have seen the goose-neck in time to have escaped the danger, he could not recover; but if he used proper care in that regard and failed to see it, "his failure to notice it would not debar a recovery." It would not entitle him to a recovery, either, unless other facts existed to authorize it.

There are other criticisms of the instructions given by the court, which need not be noticed, in view of what has been said requiring ordinary care on the part of plaintiff.

The other two assignments of error as to inflammatory language of plaintiff's attorney in his argument to the jury, and as to the verdict being excessive, need not be considered.

Because of the error in the charge of the court in coupling separate defenses together as one, we conclude the judgment should be reversed and the cause remanded.

*Reversed and remanded.*