## TEXAS & PACIFIC RAILWAY COMPANY v. FRANK BRYANT.

### No. 1282.

1. **Master and Servant—Assumed Risk.**—If the servant, with knowledge of a defect in the master's premises, and of the danger and risk incident thereto, continues in the service of the master without proper notice to the latter, he assumes the risk incident to the service and growing out of the defect; and this without regard to the degree of care which he may exercise in the performance of his labors.

2. **Contributory Negligence and Assumed Risk Distinguished.**—The defenses of contributory negligence and of assumed risk are separate and distinct, the doctrines being applicable under different conditions; and it was error in the charge of the court to fail to clearly distinguish between them. See the opinion.

APPEAL from Tarrant. Tried below before Hon. S. P. GREENE.

*Stedman & Thompson,* for appellant.—The charge of the court was error, because it confounds the distinction between an assumed risk and contributory negligence, to the prejudice of defendant, inasmuch as defendant's contention is and was, that the hole in the platform was an obvious defect and apparently dangerous, and that its defective condition was known to plaintiff so as to preclude a recovery by him when he exposed himself to the danger, irrespective of any negligence on his part. Green v. Railway, 79 Texas, 130; Somers v. Railway, 14 S. W. Rep., 779; Rogers v. Railway, 76 Texas, 502; Railway v. Bradford, 66 Texas, 732; Railway v. Lempe, 59 Texas, 19; Railway v. Davis, 15 S. W. Rep., 895; Schwabbe v. Railway, 21 S. W. Rep., 706; Bailey on Mast. and Serv., 158–197.

*Ben M. Terrell,* for appellee.—Appellant's contentions are all based upon the theory of appellee's knowledge of the hole in the platform. Had there been any proof adduced bringing home to appellee a knowledge of the hole, then it might be worth while to enter upon a discussion of the distinction between an assumed risk and contributory negligence; and a question would also arise as to whether or not, under the peculiar facts of this case, the court should have instructed the jury to find for appellant, if they believed that appellee knew of the existence of the hole; but there was no evidence that appellee knew of the hole.

TARLTON, Chief Justice.—On and before October 20, 1890, the appellee was a brakeman in the employ of the appellant company. On the night of that day, while in the discharge of his duties, he was assisting in the unloading of freight on the platform of the depot of appellant, at Eastland, Texas, and fell into a hole, thereby sustaining serious injuries.

To recover damages for these injuries he brought this suit, alleging negligence on the part of the defendant in permitting the hole on the platform of its depot, and in failing to keep the premises properly lighted.   On December 12, 1892, he recovered a verdict and judgment for $2000, from which this appeal is prosecuted.

The defendant pleaded the general denial, and answered specially, that the existence of the hole in the platform was and had been known to plaintiff for several weeks; that plaintiff also knew of the absence of lights on the platform; and that it was his duty to carry a lamp when working around this and other depots at night; and further, it interposed the defense of contributory negligence.   There was evidence tending to show that the plaintiff knew of the existence of the hole, as alleged by the appellant.

The following paragraph of the court's charge is the subject of the first assignment of error:   "A railroad employe is bound to use, in caring for his own safety while in such employment, such care as a man of ordinary prudence would exercise under like circumstances; in entering the service of a railway company he assumes all the ordinary risks incident to his employment, among which is the risk of any injury that may result to him from working in a place which he knows to be in such an unsafe condition as would render it probable to a man of ordinary prudence that to work there would be attended with danger; and should he go upon or into such a place, knowing it to be unsafe, he is bound to use all care which a man of ordinary prudence would exercise under like circumstances, and prevent injury to himself."

This instruction is complained of, "because it confounds the distinction between an assumed risk and contributory negligence, to the prejudice of defendant, inasmuch as defendant's contention is and was, that the hole in the platform was an obvious defect and appa-

rently dangerous, and that its defective condition was known to plaintiff so as to preclude a recovery by him when he exposed himself to the danger, irrespective of any negligence on his part."

We think that appellant's criticism it well founded. The defenses of "contributory negligence" and of "assumed risk" are separate and distinct. The doctrines are applicable under different conditions. "Contributory negligence," in a case of this kind, implies the existence of negligence on the part of an injured servant, co-operating with that of a master, and thus aiding in producing the injury. The doctrine of "assumed risk" obtains without necessary reference to the existence of negligence. If the servant, with knowledge of a defect in the master's premises, and of the danger and risk incident thereto, continues in the service of the master without proper notice to the latter, he assumes the risk incident to the service and growing out of the existence of the defect; and this without regard to the degree of care which he may exercise in the performance of his labors. Railway v. Somers, 71 Texas, 700; Id., 76 Texas, 439; Green. v. Receivers, 79 Texas, 130; Rogers v. Railway, 76 Texas, 502; Schwabbe v. Railway, 1 Texas Civ. App., 573; Bailey on Mast. and Serv., 197; Railway v. Conroy, 83 Texas, 214.

An employe may not shield himself from the consequence of a conscious encountering of risk, on the ground that he exercised prudence in the undertaking to which the risk attaches, and from which the injury results. The defense of assumed risk was affirmatively invoked in this case, and a special instruction covering it was requested, which, though probably not sufficiently full, was yet not incorrect, and specially invited to the defense the attention of the court. If the requested instruction be defective, it is solely in its omission to refer to the time at which the plaintiff had knowledge of the hole in question.

Under the facts of this case, we think the court's instruction sufficiently devolved upon the plaintiff the burden of proof; and we therefore overrule the appellant's final assignment of error.

But, for the error indicated, we feel constrained to reverse the judgment and remand the cause; and it is so ordered.

*Reversed and remanded.*

Delivered September 19, 1894.