## ARMOUR & CO. v. MORGAN.

(Court of Civil Appeals of Texas. Texarkana. Nov. 14, 1912. Rehearing Denied Nov. 28, 1912.)

1. MASTER AND SERVANT (§ 286*)—ACTION FOR INJURIES—QUESTION FOR JURY—FAILURE TO GUARD DANGEROUS MACHINERY.

In an action by a minor servant for personal injuries, *held*, that the question of defendant's negligence in failing to guard dangerous machinery was for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1008, 1010–1015, 1017–1033, 1036–1042, 1044, 1046–1050; Dec. Dig. § 286.*]

2. MASTER AND SERVANT (§ 201*)—FELLOW SERVANTS — CONCURRENT NEGLIGENCE OF MASTER AND FELLOW SERVANT.

Where the master's negligence in failing to guard dangerous machinery is the proximate cause of injury, he is not relieved from liability by the fact that plaintiff's fellow servant was negligent in operating the machine.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 515–534; Dec. Dig. § 201.*]

3. TRIAL (§ 260*) — REQUESTS FOR INSTRUCTIONS—INSTRUCTION OWNER GAVE.

Where the main charge in a servant's action for injuries affirmatively required the jury to find both that the failure to provide safeguards was negligence and that such failure was the proximate cause of the plaintiff's injury, the court was not required to further present the issue of proximate cause by a special charge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

4. TRIAL (§ 252*)—INSTRUCTIONS—CONFORMITY TO PROOF.

There must be some proof that rules were promulgated to promote the safety of an inexperienced minor employé, or a specific order given as to the manner in which his work should be carried on, before it is error to refuse to submit an instruction based on contributory negligence for violating such known rules or specific order.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

5. MASTER AND SERVANT (§ 270*)—UNGUARDED MACHINERY—EVIDENCE.

In an action for injuries from dangerous unguarded machinery, where a question as to whether it could have been guarded without interfering with its operation was in issue, evidence that a guard was placed over part of it to show that it was practicable to have it so guarded, and that such guard did not interfere with its operation, was competent.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 913–927, 932; Dec. Dig. § 270.*]

6. MASTER AND SERVANT (§ 203*)—CONTRIBUTORY NEGLIGENCE—ASSUMED RISK.

The defenses of assumption of risk and contributory negligence are fundamentally inconsistent with each other, and the existence of one necessarily excludes the other.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 538–543; Dec. Dig. § 203.*]

7. APPEAL AND ERROR (§ 1066*)—HARMLESS ERROR—INSTRUCTIONS—ISSUES AND PROOF.

Where the evidence in a servant's action for injuries raised the issue of contributory negligence, but did not warrant an issue of his assumption of risk, error in submitting that issue conjunctively with the inconsistent issue

of contributory negligence was harmless to defendant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4220; Dec. Dig. § 1066.*]

Appeal from District Court, Tarrant County.

Action by Eddie Morgan, by next friend, against Armour & Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Eddie Morgan, a boy about 15 years of age, had the entire forefinger of his left hand severed, and the thumb on that hand mashed and broken, causing it to be crooked and stiff, by being caught in the "lifter" of a machine being operated by appellant in a department of its packing plant at North Ft. Worth. The machine is used to place and brad round pieces of tin, called "ears," on tin buckets, and is described as being constructed of a metal frame and in shape like a table. The top is flat and is 24 inches wide, 5 feet long, and 31 inches from the floor. Immediately underneath the top of the frame is a board of iron 6 inches wide; otherwise it is open underneath. The legs are bolted to the floor of the room, and also from each corner of the frame rods are run to the joists of the flooring and securely bolted. There is located a slot, or feeder, in which the pieces of tin, or "ears," are placed, 17 inches higher than the top of the frame and 12 inches outside of it, and on the top and about the center are located two sets of dies. The machinery which operates the driving part of the machine is located underneath the frame. A portion of this machinery underneath is called a "lifter." It is operated by a pedal. The operator presses the pedal with his right foot, and the lifter falls down about 4½ inches and comes up and permits the two dies to come together and brad the ears to the bucket. Four boys are employed to operate the machine; one to press the pedal, one to feed the slot, or ear chute, one to bring buckets to the machine to be eared, and one to carry away and stack same after they are eared. In the course of feeding the ears in the slot, or chute, it is usual for a number of the ears to fall on the floor near and by the machine, and it is required of and made a part of the duties of the feeder of the slot, or ear chute, to pick the ears from the floor. Eddie Morgan was employed by appellant as feeder of the slot, or ear chute. According to the proof made by appellee, the operator of the pedal shut off the motive power from the machine and brought it to a standstill and went to get a drink of water in the other end of the building, telling Eddie that was what he was going to do. While the operator was away and the machinery was not in motion, Eddie got off his stool and knelt on the floor, using his right hand to pick up the ears that had fallen on the floor; his left hand partly rest-

ing on the top of the machine. The operator got a drink of water, came back, and suddenly and without warning pressed his foot against the pedal, and the machinery started up. The vibration of the machine in operation immediately jarred Eddie's left hand off the table downward, and it was caught in the stroke of the lifter and injured. There was evidence offered by appellant that Eddie Morgan was sitting on a stool, stooping over picking up ears from the floor while the machine was in motion, and the stool slipped out from under him, and in his effort to catch he involuntarily threw his left hand under the machine, and the lifter caught it. The jury settled this conflict against appellant's contention. The machinery underneath the frame had no fender around it and was not guarded. It was shown that it was practicable and feasible to operate the lifter and machine with a guard or fender.

Appellee pleaded three grounds of negligence, but the court did not submit to the jury but one of the grounds for recovery, which was the second ground in the petition, and that was the failure to safeguard the cogwheels and other machinery under the table. The appellant answered by general denial, and specially pleaded that Eddie Morgan assumed the risks incident to his employment, and that he was injured by reason of his own contributory negligence and by reason of the negligence of a fellow servant.

The evidence warrants the conclusion that the appellant was guilty of negligence in failing to provide guards or fenders to dangerous machinery as pleaded, proximately causing the injury to the minor, and that the minor did not assume the risk and was not guilty of contributory negligence. The evidence warrants the amount of the verdict.

Capps, Cantey, Hanger & Short, and Wm. L. Evans, all of Ft. Worth, for appellant. A. J. Clendenen and Ben M. Terrell, both of Ft. Worth, for appellee.

LEVY, J. (after stating the facts as above). [1] The first assignment predicates error upon the refusal of the court to give a peremptory instruction in favor of the appellant. The evidence was sufficient to make an issue, and require the court to submit it to the jury, of negligence vel non in the company in failing to safeguard the dangerous piece of machinery under the frame. The "lifter" was a device made of iron, and in operation rose up and came down in a 4½-inch stroke, and was without guard or fender. Only boys were employed to work at the machine. For the want of a fender, or guard, the hand of the boy Eddie Morgan was caught and mangled in the "lifter" while he was in the discharge of his

duties in its immediate vicinity. The personal negligence of the company was the only ground of negligence that was submitted to the jury. The assignment is overruled.

[2] The third and fourth assignments predicate error upon the refusal of the court to give the special charge authorizing a verdict for appellant upon the finding that the negligence of Tom Driscoll, a fellow servant of Eddie Morgan, occasioned the injury. It was not error to refuse the charge, for the fellow-servant doctrine relieving a master from liability for injuries inflicted was not applicable to the ground that the liability of the company was made to depend by the charge of the court to the jury and under the evidence. The charge of the court only authorized a recovery of damages from appellant upon the finding by the jury of personal negligence of the company in failing to safeguard dangerous machinery, and such negligence being the proximate cause of the injury. The pleaded ground of liability predicated upon the negligent performance of duties by the coworker Driscoll was not submitted to the jury, and therefore was not an issue of liability before the jury. So if the injury to Eddie Morgan was traceable to the personal negligence of the company in failing to safeguard the machinery, as the evidence amply went to show, then the further fact that Driscoll, a coworker in the same common employment, was also negligent in operating the pedal, would not relieve the company of liability. It is the rule that, if the negligence of the master mingles with that of a fellow servant of the injured worker, the master is liable. Railway Co. v. Jones, 133 S. W. 744, and authorities there cited.

[3] The special charge was not required to further present the issue of "proximate cause," for the main charge affirmatively required the jury to find both that the failure to provide safeguards or fenders was negligence on the part of the company, and "that such failure was the proximate cause of the plaintiff's injury." Before the jury could return a verdict for appellee under this charge, they were required to find under all the evidence that the proximate cause of the injury was the personal negligence of the company.

The refusal by the court to give the special charge as written, complained of in the fifth assignment, does not furnish a reason for the reversal of the judgment. The charge precluded a recovery by the appellee upon the finding that it was a negligent disobedience of the rules of the shop and the instructions given him for Morgan to lean his body over from the stool he was sitting on in order to pick up the "ears" from the floor while the machine was running, if by reason of so doing he was injured. The charge, as seen, grouped together the two facts of violating the rules of the shop and the instructions given Morgan. The testimony in the record bearing at all upon "rules" or upon "instructions given" was that by Eddie Morgan and appellant's foreman. The evidence of Eddie Morgan was that the foreman had previously directed him to pick up from the floor the "ears" that had fallen, but that he was to perform this duty when the machine was not in motion, because if he stopped his work of feeding the ear chute the machine thereby stopped earing buckets. The evidence of the foreman is substantially to the same effect. The foreman testified: "I gave the boy instructions when he went to work there. I told him to feed those ears in the chute, that was his work, that is all he has to do, to keep those ears in the chute so as to supply the machine as they were used up. I had him on a stool while he was doing that. * * * They do drop ears on the floor, they drop ·lots of them, and they are left there until we get through. After we get through running the machine, we clean up and pick up those ears, but not while we are in operation. The reason we do not do it when it is in operation is because it would stop the machine and all the rest of the machines. It takes three or four persons to keep the machine going. That boy is supposed to stay there and feed the ears while the machine is going; I instructed him to that effect." Eddie Morgan further testified that he did not know of the danger of operation of the machinery, and had received no warning of any danger incident to his work. The only reasonable conclusion from the testimony is that an economical rule of work was devised that an employé was directed to follow. The evidence would not warrant the finding that a specific order was given the boy as to the manner in which the work should be carried on. There is no proof of any "rule of shop" of instructions as to danger of the work devised and promulgated for the safety of the minor employés operating the machine.

[4] It is believed that there must be some proof that rules were devised and promulgated by the master to promote the safety of an inexperienced minor employé, or a specific order given as to the manner in which the work shall be carried on, before there would be error in refusing to submit to the jury an instruction based on contributory negligence for violating such known rules or specific order. The court submitted a question of contributory negligence in the main charge.

[5] Assignments Nos. 6 to 15, inclusive, predicate error upon the admission of certain evidence. After the injury to Eddie Morgan, a guard, or fender, was placed by appellant over the part of the machinery which caused the injury. The appellee proved the fact that a fender, or guard, was placed over that part of the machinery for the purpose of showing that it was practicable and prop-

er to have a guard around such part of the machine to make it safe from the dangers of its operation, and that the guard, or fender, did not interfere with the operation of the machine or any portion of it. Appellant contends that it was error to allow such proof to be made, and cites the McGowan (73 Tex. 355, 11 S. W. 336), and like cases in support of the point. The rule making incompetent evidence of subsequent changes or repairs in the machinery, as laid down in the McGowan Case, was differentiated in the later case of Railway Co. v. Johnston, 78 Tex. 536, 15 S. W. 104. See, also, Railway Co. v. Gay, 88 Tex. 111, 30 S. W. 543. In the Johnston Case, supra, the testimony there was held competent for the purpose for which it was offered and admitted. In the instant case appellees alleged that a guard, or fender, could have been placed over the "lifter" so as to render injury therefrom impossible to the operatives of the machine, without in any way interfering with the operation of the machine or any part of it. Appellant pleaded that the machine in question was of the most approved design, and that it was not practicable, safe, nor proper to have other guards or appliances around it than were on it at the time of the accident. Appellant proved by its foreman that the machine was a new machine of the latest design, modern in every particular, and exactly like those in the most up-to-date tinshops in the country. As there was no allegation, or recovery sought thereupon, that the machinery was defective or out of repair, in view of the record it is believed that the rule laid down in the Johnston Case, supra, proves the question here and makes the testimony competent for the purpose for which it was offered and admitted. The court excluded from its consideration by the jury that part of the evidence in the fifteenth assignment relating to a prior injury of an employé. The assignments are overruled.

The second, sixteenth, eighteenth, nineteenth, twentieth, twentieth-first, and twenty-second assignments are overruled as being without injury authorizing a reversal of the judgment.

[6, 7] By the seventeenth assignment error is predicated in the ninth paragraph of the court's charge, which was to the effect that the jury would return a verdict for appellant if Eddie Morgan knew, or in the performance of his duties about the earing machine would have discovered, the dangers to which he was exposed, and that he failed to exercise ordinary care for his own safety and was injured by reason thereof. The precise point made is that both the issue of assumed risk and of contributory negligence was raised by the evidence and should have been submitted as separate defenses, and that it was error to connect the two defenses by "and" as the court did. The case of

Railway Co. v. Conroy, 83 Tex. 214, 18 S. W. 609, is cited by appellant as ruling the point. In the instant case, though, it could not be said that that case rules this one, for both defenses claimed were not raised by the evidence, and as a consequence the objection to the court's charge would afford no ground for reversal, for no injury resulted to appellant. According to the testimony relied on by appellant, the injury was occasioned by Eddie Morgan stooping partly over from the stool to the floor to pick up the "ears," and the stool overturning under him overbalanced him, and in the effort to prevent his falling Morgan involuntarily thrust his hand into the opening of the "lifter" while the same was in motion, causing his hand to be caught and injured. Therefore, if true that Morgan in the course of his employment negligently assumed such a position on the stool as to cause it to turn over, and such negligence led directly or contributed to the injury, then the issue made by the testimony for the jury was one of contributory negligence rather than assumed risk. But if the stool turning under him while performing the duty of picking up "ears" led to his injury and was a risk involved in the performance of his duties, and assuming that he had been instructed and cautioned as to the danger, and the risk was understood, then rather should Eddie Morgan be charged with having assumed the risk. We think, though, the evidence presented the issue of contributory negligence rather than assumed risk. In another paragraph the court submitted the issue of contributory negligence. However, from a consideration of all evidence of both appellee and appellant, we do not think both defenses exist. The defenses of assumption of risk and contributory negligence are fundamentally inconsistent with each other, and the existence of one of them necessarily excludes the other. As the entire testimony in the record does not, we think, warrant an issue of the minor in this case assuming the risk, the error in the charge is harmless.

The judgment is affirmed.