TEXAS MIDLAND R. CO. v. TRUSS.*
(No. 1631.)

(Court of Civil Appeals of Texas. Texarkana. May 2, 1916. Rehearing Denied May 11, 1916.)

1. CARRIERS ⟐318(2)—INJURIES TO PASSENGERS—OBSTRUCTIONS AT STATIONS—NEGLIGENCE—EVIDENCE.

Evidence *held* to show that defendant railroad was negligent in maintaining a signal operating rod at a height of 5 feet 7 inches above the ground in front of its station over a portion of the platform over which passengers were accustomed to walk.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1307, 1308; Dec. Dig. ⟐318(2).]

2. CARRIERS ⟐318(2)—INJURIES TO PASSENGERS—OBSTRUCTIONS AT STATIONS—NEGLIGENCE—EVIDENCE.

Evidence *held* to show that defendant railroad's negligence in maintaining a signal operating rod at a height of 5 feet 7 inches from the platform in front of a station over which passengers were accustomed to walk was the proximate cause of the injury to plaintiff, who in attempting to board a train received severe injuries about the head by striking the rod.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1307, 1308; Dec. Dig. ⟐318(2).]

3. CARRIERS ⟐346(1)—INJURIES TO PASSENGERS—OBSTRUCTIONS AT STATIONS—CONTRIBUTORY NEGLIGENCE—EVIDENCE.

Evidence *held* to show that plaintiff, who was injured by striking his head on a signal operating rod at a height of 5 feet 7 inches above a station platform, located at a place where passengers were wont to walk, was not guilty of contributory negligence in hurrying past such point for the purpose of taking a train.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1401; Dec. Dig. ⟐346(1).]

4. APPEAL AND ERROR ⟐1002—SCOPE OF REVIEW—CONFLICTING EVIDENCE.

Where the evidence conflicts as to the extent of injuries suffered by an intended passenger, so that the verdict of the jury as to the amount of the damages has evidence to support it, it will be sustained.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935-3937; Dec. Dig. ⟐1002.]

5. CARRIERS ⟐347(3)—INJURIES TO PASSENGERS—OBSTRUCTIONS AT STATIONS—CONTRIBUTORY NEGLIGENCE—QUESTIONS FOR JURY.

Under the evidence, *held* that it was for the jury whether an intended passenger, who rushed past a station platform with the intention of taking a train and struck an iron rod, 5 feet 7 inches from the ground, with his head, was guilty of contributory negligence in failing to see the rod.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1355, 1356, 1363-1366, 1402; Dec. Dig. ⟐347(3).]

6. CONTINUANCE ⟐22—RIGHT TO CONTINUANCE—PREJUDICE.

An application for a continuance, made on the ground of correcting depositions because a witness failed to locate definitely the injuries to the plaintiff, need not be granted, and no error or prejudice would result where the depositions showed that there was some injury to the plaintiff's forehead.

[Ed. Note.—For other cases, see Continuance, Cent. Dig. §§ 58-67; Dec. Dig. ⟐22.]

7. NEGLIGENCE ⟐131—EVIDENCE—ADMISSIBILITY.

It is ordinarily the rule that evidence of repairs after an accident is not admissible to prove antecedent negligence.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 255, 256; Dec. Dig. ⟐131.]

8. CARRIERS ⟐317(1)—INJURIES TO PASSENGERS—EVIDENCE—ADMISSIBILITY—REPAIRS.

Where a railroad defended an intended passenger's action for injuries on the ground that it was necessary to operate its signal to maintain the rod which the passenger struck at the height at which it was maintained, evidence that after the accident the rod was raised one foot is admissible to show that it was not necessary to maintain the rod where it was when plaintiff was injured.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1295; Dec. Dig. ⟐317(1).]

Appeal from District Court, Hunt County; A. P. Dohoney, Judge.

Action by A. D. Truss against the Texas Midland Railroad Company. Judgment for plaintiff, and defendant appeals. Affirmed.

The appellee, intending to board appellant's train as a passenger, was injured on the depot platform at Cash by striking his head against an iron rod that was maintained to

operate the signal board for the trains. The rod extended out of the ticket and telegraph office ·of the depot building, and connected with the signal post located on the platform between 3 and 4 feet from the wall of the building. The rod was 5 feet 7 inches above the ground. Appellee sues for damages, alleging that his injuries were proximately caused by the negligent failure of appellant company to have and maintain the operating rod at sufficient height above the depot platform to enable passengers to safely use the platform. The appellant denied the allegations, and pleaded that appellee himself was guilty of negligence, in that he failed to use care to see the signal post and iron rod, which were in plain view and obvious to every one, and the accident occurred in the daytime, and, further, that appellee was guilty of negligence, in that there was ample space between the signal post and the outer edge of the platform for the public to pass and transact business, and that it was not intended, as appellee in fact knew, for passengers to pass between the signal post and the building. The defendant further pleaded that if appellee was injured, such injury was slight and temporary. The case was tried before a jury, and the verdict was in favor of the plaintiff.

The railroad runs north and south. The depot is on the west side of the main line, and fronts east. North of the white waiting room, and opposite and between 3 and 4 feet from the telegraph office, is the signal post. The operating signal rod, which is 5 feet 7 inches above the ground, is about the size of a man's thumb. Appellee was a man 6 feet tall. Appellee testified, in substance, that on the morning of March 1, 1914, he went to the depot to take the train for Greenville, but he arrived too late for the steam passenger train and waited for the motor car. The motor car lacked 20 minutes of being due. He bought a ticket. While he was standing there the agent asked him if he would take some silver and have the bank exchange it for currency, which he agreed to do. He then went to Mr. Stiles' store, which was west and in the immediate rear of the depot; and, after remaining at the store some 15 or 20 minutes, hearing the motor car coming, he returned to the depot hurriedly, passed around its south end, and then turned north to go to the telegraph office to get the money from the agent, and in going between the signal post and the depot building his head struck forcibly against the operating rod. Appellee testified that he had been to the agent to take the train about three times before this time, and had seen the signal post standing on the depot platform, but had not noticed that an operating rod was there; that at the time he struck his head on the rod he was going fast, and did not notice that it was there, or that he was at that point. Appellant proved that in a previous written statement by appellee he said:

"I knew the rod was there, but I ran around the depot in a hurry to get the agent's money and forgot about it being there."

But appellee denied that he stated that he "knew the rod was there." When passenger trains stopped for this station they usually stopped east of the waiting room. The surface of the depot platform between the signal post and the depot building was the same, and all parts of the platform and this space were commonly and customarily used by the public.

Coke & Coke and S. W. Marshall, all of Dallas, Dashiell & Coon, of Terrell, and Dinsmore, McMahan & Dinsmore, of Greenville, for appellant. Evans & Shields, of Greenville, for appellee.

LEVY, J. (after stating the facts as above). [1-3] The verdict of the jury involves the findings of fact that the appellant company was negligent in maintaining the rod at the height it was, as pleaded; that such negligence proximately caused the injury to appellee; and that appellee was not guilty of contributory negligence. There is evidence to support these findings, and they are sustained and here adopted.

[4] The evidence is conflicting as to the extent of the injuries suffered by appellee; and, as a consequence, the verdict of the jury as to amount of damages having evidence to support it, is sustained.

[5] It is believed that the question of whether or not the appellee was guilty of contributory negligence in striking against the operating rod was for the determination of the jury upon consideration of all the circumstances, and their decision in that respect should be sustained. Lee v. Railway Co., 89 Tex. 588, 36 S. W. 63. Therefore assignments of error Nos. 1 and 2 are overruled.

The court did not err, we think, in refusing the special charge made the basis of the third assignment of error.

[6] The overruling by the court of an application for continuance is made the basis of the fourth assignment of error. An application for continuance for the term was made on the regular call of the case on May 31, 1915, and was overruled, but the trial was postponed by the court to June 14, 1915. On June 14th the defendant renewed his application for continuance, and the court overruled it. This application to continue was made to correct depositions given by a witness. The interrogatory propounded to the witness was, "Did you notice any place on his face, forehead, or head where he had been hit by the rod; if so, where was it?" The answer was, "I noticed a little splotch on his forehead." The appellant contended that the witness failed in his answer to locate definitely the injured spot on the appellee's forehead. It is believed that no injury

resulted to appellant in overruling the application, and the assignment of error is overruled.

[7, 8] By the fifth assignment of error complaint is made of the ruling of the court respecting the admission of evidence over the objection of appellant. The appellee proved by the witnesses Dainwood and Morgan that since the injury the company has raised the height of the operating rod one foot. It is ordinarily the rule that evidence of repairs after the accident is not admissible to prove antecedent negligence. But appellee says it was offered here and became proper on the issue made in appellant's answer, wherein it was pleaded:

"That in order that defendant's said telegraph operator could work the said signals from his desk within the said office, it was necessary that the said iron rod should be placed at about the height it was placed above the platform, and that so placing the said rod for the purpose of operating the said signals was a proper and reasonable device."

In this view the evidence would not be incompetent for the purposes for which it was offered of showing that to raise the height would not interfere with operation of the rod. Armour & Co. v. Morgan, 151 S. W. 861.

We have considered the remaining assignments of error, and have reached the conclusion that they do not warrant reversing the judgment; and therefore each of the assignments of error is overruled. Affirmed.