**MAYO v. FORT WORTH & D. C. RY. CO. et al.** (No. 1824.)

(Court of Civil Appeals of Texas. Amarillo. Oct. 26, 1921. Rehearing Denied Nov. 30, 1921.)

**1. Master and servant ⟐203(1)—Contributory negligence and assumption of risk independent defenses.**

Though contributory negligence and assumption of risk are independent defenses, they may arise from the same facts, in which case it is the duty of the trial court to submit both issues.

**2. Master and servant ⟐297(2)—Findings of contributory negligence and assumption of risk not contradictory.**

In an action for injuries to a servant, special findings by the jury that the servant was contributorily negligent and that he assumed the risk are not contradictory.

**3. Master and servant ⟐297(2)—Findings of negligence and contributory negligence conflict with finding of unavoidable accident.**

Special findings by the jury that the master was negligent and the servant contributorily negligent are in conflict with another special finding that the servant was injured by an unavoidable accident.

**4. Master and servant ⟐297(2)—Findings of assumption of risk and unavoidable accident contradictory.**

Special findings by the jury in an action where it was claimed that a servant had assumed the risk of a railroad's negligence in furnishing improper method for dumping cars, that the servant assumed the risk, and that he was injured by an unavoidable accident, are contradictory.

**5. New trial ⟐73—Required by conflicting findings of assumption of risk, negligence, and unavoidable accident.**

Where special findings by the jury of negligence, contributory negligence, and assumption of risk were contradicted by a special finding of unavoidable accident, there was no finding upon which the trial court could base a judgment, and it should have ordered a new trial.

**6. Trial ⟐356(7)—Court should send jury back for further deliberations after conflicting findings.**

Where the special findings by the jury are so contradictory as to amount in effect to no finding on material issues, it is the court's duty, under Rev. St. art. 1981, to call the jury's attention thereto, and send them back for further deliberation.

Appeal from District Court, Potter County; Henry S. Bishop, Judge.

Action by B. Pedro Mayo against the Fort Worth & Denver City Railway Company and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

Barrett & Childers, of Amarillo, for appellant.

Turner & Dooley, of Amarillo, for appellees.

HUFF, C. J. The appellant Mayo brought this suit against the Fort Worth & Denver City Railway Company and John Barton Payne, Agent. He sued for damages on account of personal injuries sustained while in the employment of the railway company, in its coal yards, in unloading coal cars. The facts alleged as constituting negligence were in effect that the dumping apparatus on the coal car was defective and out of order, and under the direction of the foreman he was directed to use a lining bar as a lever and insert the bar in the sprocket wheel, and that the iron dog on the sprocket wheel was broken, and in pressing down on the lining bar in order to open the door of the coal car the door opened suddenly, and the lining bar came down with great force, striking appellant on the ankle, pinning him to the ground, breaking the bones above the ankle joint, and permanently injuring him. The appellees pleaded assumed risk, in that the work was performed in the usual manner and in the manner it was usually and ordinarily done, and which work the appellant had many times performed; and, further, that appellant, as a consequence of having assisted in dumping many cars of coal in the same manner prior to his injury, became fully and actually aware of and appreciated and understood the risk, danger, and hazard involved in dumping coal cars in the manner pursued at the time he sustained the injury, and that he thereby assumed the risk thereof as a known danger, consciously encountered. Appellees further pleaded contributory negligence, in that appellant well knew what path would be described by the wrench, pipe, and lining bar used, and that when the coal dumped the result would swing such instrument to the ground with great force, and that he carelessly and negligently got his foot and leg in the path of said descending wrench pipe and lining bar, and that such carelessness on plaintiff's part caused and made possible the injury complained of.

The case was submitted upon special issues: (1) The jury answered in their findings that appellant received injuries while he was engaged in his duties as an employee for the appellees; (2) that it was negligence on the part of appellees in furnishing the car in question to be unloaded in the condition it was in when it was unloaded; (3) that this negligence was the proximate cause of the injury; (4) they found appellee was guilty of contributory negligence, and that his negligence bore to the whole negligence of both parties 50 per cent. thereof; (5) that appellant assumed the risk of being injured in undertaking to assist his co-workers to un-

load said car; (6) that appellant's negligence was not the sole cause of his injury; (7) that $500 would compensate him for his injury; (8) they found that his injury was the result of an unavoidable accident; (9) they also answered that the defects in the dumping apparatus on the car could have been discovered by an inspection conducted in an ordinary way; (10) that appellant knew the danger involved in dumping the coal in the manner employed at the time of his injury. Upon the findings of the jury the court rendered judgment for the appellee. It will not be necessary to set out the evidence further than to state it was sufficient to authorize the jury to find that the railroad company was negligent in unloading the car in the manner in which it was done, and that the appliances used were defective, and that the evidence raised the issue of contributory negligence and assumed risk. However, upon these points it is somewhat conflicting.

[1] Appellant presents the assignment:

"Because the finding of the jury that both appellant and appellees were guilty of concurring negligence that was the proximate cause of the injury conflicted with the finding that appellant assumed the risk."

[2] It is not necessarily true a finding that the servant assumed the risk is also a finding there was no contributory negligence. "It is generally well recognized that the same facts may and often do raise both defenses." It is true the two defenses rest upon different grounds and are distinct and independent defenses, but they may and sometimes do arise out of the same facts. If the servant knows of the master's negligence and the hazard therefrom, he assumes the risk; that is to say, he dispenses with the duty resting on the master, or waived his right to exact damages, or acquiesced in the condition at the time. Assumed risk is usually placed on conventional grounds. Contributory negligence rests on the failure to exercise ordinary care. Manifestly it was the duty of the trial court to submit both issues. If the jury found both conditions existed, under the facts, this, as we conceive it, would not render the verdict contradictory. In this case, under the law, assumed risk would be the determinative factor in giving judgment. The assent of appellant to the instrumentalities and manner of unloading the car and waiver of his right to exact damages certainly gave the right of judgment, notwithstanding the master and servant had, by their negligence, proximately produced the injury. Southern Pacific Ry. Co. v. De La Cruz (Tex. Com. App.) 228 S. W. 108; Railway Co. v. Hodnett, 106 Tex. 109, 163 S. W. 13; Railway Co. v. French, 86 Tex. 96, 23 S. W. 642; Railway Co. v. Conroy, 83 Tex. 214, 18 S. W. 609; Railway Co. v. Bryant, 8 Tex. Civ. App. 134, 27 S. W. 825; Railway Co. v. Horton, 233 U. S. 492, 34 Sup. Ct. 635, 58 L. Ed. 1062, L. R. A. 1915C, 1, Ann. Cas. 1915B, 475; Railway Co. v. Crotty, 141 Fed. 913, 73 C. C. A. 147, 4 L. R. A. (N. S.) 832; Railway Co. v. Jones, 77 Ark. 367, 92 S. W. 244, 4 L. R. A. (N. S.) 837, 7 Ann. Cas. 430; Labatt, Master and Servant, vol. 3, §§ 1166, 1221.

[3] The appellant presents the further assignment:

"Because the finding of the jury that the damage and injury resulted from an unavoidable accident was and is in conflict with finding of the jury that the concurring negligence of the appellant and appellees was the proximate cause of the injury and damage."

[4] The remarkable findings in this case present a most perplexing set of facts upon which to base a judgment. The jury found that the appellant was injured by an unavoidable accident. The court instructed them that accident "is an event that occurs without fault of any one." Yet they find that the master was negligent, and that the servant was also negligent and that the negligence of both proximately caused the injury. Manifestly these findings are contradictory and in effect find nothing; but it is insisted that the jury found assumed risk. By their verdict they find the injury was the result of an extraordinary incident in the employment; that is, they find that it occurred by the negligence of both the master and servant relative to the manner of unloading the car and by the use of defective instrumentalities therein at the time of the injury, but that appellant knew the danger therefrom. He could not have assumed that kind of risk if it was an accident. Hence a finding that it was an accident contradicts a finding that he assumed the negligence of the master in the use of the instrumentalities in unloading the coal and in the manner resorted to at the time.

[5] The trial court had no finding upon which to base a judgment. If it is based upon the assumption of the risk of the master's negligence the jury found there was no negligence, but it was upon an accident. If he rendered judgment upon the finding of an accident, the jury found the injury was not caused thereby, but was the result of negligence. Such conflicting findings require a new trial, and the trial court should have ordered one. Waller v. Liles, 96 Tex. 21, 70 S. W. 17; Railway Co. v. Denahy, 165 S. W. 529; Texas Refining Co. v. Alexander, 202 S. W. p. 135 (9).

[6] We suggest the trial courts may avoid reversals in many instances by calling the attention of the jury to a failure to find on material issues where their answers may be conflicting. Under such circumstances, as we understand, it is made the duty of the trial court, by statute (Rev. St. art. 1981) to call the jury's attention thereto and send them back for further deliberation. Oriental

Investment Co. v. Barclay, 25 Tex. Civ. App. 543, 64 S. W. 80 (6).

The judgment will be reversed and remanded.

---

⇐⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes